688 So.2d 941 (1997)
HORIZONS PAINTING and PCA Solutions, Inc., Appellants,
v.
Dennis LESSARD, Appellee.
No. 96-1159.
District Court of Appeal of Florida, First District.
January 27, 1997.
Rehearing Denied March 7, 1997.
Cheryl L. Wilke of Rigell & Leal, P.A., West Palm Beach, for Appellants.
Michael J. Celeste and Randy D. Ellison, West Palm Beach, for Appellee.
PER CURIAM.
In this case of first impression, the employer and its insurance carrier (E/C) complain that the judge of compensation claims (JCC) erroneously failed to apply the defense set forth in section 440.09(4), Florida Statutes (Supp.1994), based on false statements claimant made contrary to section 440.105(4)(b), Florida Statutes (Supp.1994). We conclude that the provisions of section 440.09(4) are inapplicable to the case at bar, because the E/C did not show that an administrative hearing officer, court or jury had determined that claimant had knowingly or intentionally made false statements.
Section 440.09(4) provides:
(4) An employee shall not be entitled to compensation or benefits under this chapter if any administrative hearing officer, court, or jury convened in this state determines that the employee has knowingly or intentionally engaged in any of the acts described in s. 440.105 for the purpose of securing workers' compensation benefits.
(Emphasis added.)
Section 440.105(4) provides, in pertinent part:
(b) It shall be unlawful for any person:
1. To knowingly make, or cause to be made, any false, fraudulent, or misleading oral or written statement for the purpose *942 of obtaining or denying any benefit or payment under this chapter.
In the instant case, the E/C merely presented evidence that the claimant had made various misrepresentations about prior back injuries and automobile accidents, the use of an alias, and the operation of his own company both during and after the alleged accident. The E/C did not, however, provide any evidence that "any administrative hearing officer, court, or jury" had determined that claimant knowingly or intentionally made any "false, fraudulent, or misleading oral or written statement for the purpose of obtaining... any benefit or payment."
Section 440.09(4), by virtue of its plain language, contemplates the existence of a determination in a proceeding collateral to the workers' compensation matter, by either an administrative agency or a court, that false or fraudulent statements were knowingly made, before its provisions can impact a claim for benefits. The correctness of this interpretation is supported by section 440.105(1)(a), which outlines the procedures that should be employed in obtaining such a collateral determination. Thus, we agree that the JCC correctly found that the statute was inapplicable.[1]
In so concluding, we are not saying, of course, that the JCC does not retain his or her traditional role as fact-finder in resolving credibility issues of any claim for benefits. We hold only that before benefits can be denied under section 440.09(4) based on false or fraudulent statements, a determination to that effect must first be made in one of the forums delineated in the statute, and evidence of same must properly be submitted in the pending workers' compensation proceeding.
Finding no error in the JCC's conclusion that section 440.09(4) was inapplicable in this case, we affirm the order determining that a compensable accident occurred and awarding benefits to claimant.[2]
AFFIRMED.
BARFIELD, C.J., and ERVIN and KAHN, JJ., concur.
NOTES
[1] Although the E/C has stated the issue as jurisdictional, asserting that the JCC has jurisdiction to deny workers' compensation benefits under section 440.09(4) based on misrepresentations made by the claimant, the issue is not one of jurisdiction, but rather is whether the prerequisites were satisfied for operation of the statute.
[2] The E/C did not challenge these two rulings on appeal.