REVISED OPINION
BARFIELD, Chief Judge.
In this Workers’ Compensation case, we affirm the findings of the judge of compensation claims (JCC) regarding compensability, based upon the testimony of Dr. Kirk, who treated the claimant both before and after she began work for the employer, and who opined that any one of the coin bag lifting incidents at work caused the herniated cervical discs which were discovered four months after the claimant began her employment. We also affirm the JCC’s findings regarding the applicability of subsections 440.09(4) and 440.105, Florida Statutes (1995). See Horizons Painting v. Lessard, 688 So.2d 941 (Fla. 1st DCA 1997). We find no error in the JCC’s failure to order an offset of temporary partial disability (TPD) benefits in the amount of the short term disability benefits paid the claimant in June and July 1995, because the employer and servicing agent (E/SA) failed to adequately prove entitlement to such an offset.
However, due to errors[1] and omissions in the orders at issue, we find that we must remand the case to the JCC for amendment of the order dated November 21, 1996. In the amended order, the JCC shall award temporary total disability (TTD) benefits from May 9, 1996, through the date of hearing and continuing until the claimant is able to return to work or reaches maximum medical improvement. He shall address the E/SA’s defense of voluntary limitation of income, based upon the evidence already presented, and shall resolve the conflicts between the testimony of claimant and that of the employer’s witnesses regarding the alleged offer of light duty employment in August 1995. If he rejects that defense, he shall award TPD benefits from June 13,1995, through September 1, 1995, and from January 1996 to May 9, 1996, based upon the claimant’s actual earnings. If he finds that the claimant voluntarily limited her income by failing to accept light duty employment, he shall award TPD benefits from June 13, *24 1995, through August 7,1995, and from January 1996 to May 9, 1996, based upon the claimant’s actual earnings.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
KAHN and DAVIS, JJ., concur.

. The claimant concedes that indemnity benefits cannot he awarded prior to the date of accident, that the offset for TPD benefits should have been her actual earnings as an apartment manager. and that TTD benefits from March 18, 1996, to May 9, 1996, should be reclassified as TPD benefits.