958 So.2d 951 (2007)
Cruz Elena ALVAREZ, Appellant,
v.
UNICCO and Travelers, Appellees.
No. 1D06-1465.
District Court of Appeal of Florida, First District.
April 19, 2007.
Rehearing Denied June 22, 2007.
Martha D. Fornaris of Fornaris & Associates, P.A., Coral Gables, and Bill McCabe *952 of Shepherd, McCabe & Cooley, Longwood, for Appellant.
Robin Ross, Ft. Lauderdale, and William H. Rogner of Hurley, Rogner, Miller, Cox, Waranch & Westcott, Winter Park, for Appellee.
PER CURIAM.
In this workers' compensation appeal, Cruz Elena Alvarez, who claimed sustaining workplace accidents on February 28, 2003 and on January 1, 2004, appeals an order of the judge of compensation claims which denied her claim for benefits on the ground that she knowingly and intentionally made a false or misleading statement for the purpose of securing workers' compensation benefits. See §§ 440.09(4) and 440.105(4)(b)1, Florida Statutes (2003). Claimant argues that she is entitled to workers' compensation benefits until the date that the judge of compensation claims found that she did make a knowing and intentional misrepresentation or misstatement. Alvarez, who does not dispute the judge's findings, cites no authority for holding that the judge erred in this case in not awarding benefits for the period prior to the entry of the order. Further, neither this court's decision in Horizons Painting v. Lessard, 688 So.2d 941 (Fla. 1st DCA 1997), nor our decision in Pavilion Apartments v. Wetherington, 943 So.2d 226 (Fla. 1st DCA 2006), require an award by the judge of compensation claims for a period preceding the determination of a violation of section 440.09(4).
Accordingly, the order of the judge of compensation claims is AFFIRMED.
BARFIELD, WOLF, and VAN NORTWICK, JJ., concur.