IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TONY JOE LEGGETT,

      Appellant,

v.

BARNETT MARINE, INC. AND
SEA BRIGHT
INSURANCE/ENSTAR U.S.
INC.,

      Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-4432

_____/

Opinion filed June 4, 2015.

An appeal from an order of the Judge of Compensation Claims.
E. Douglas Spangler, Jr., Judge.

Date of Accident: May 9, 2013.

Bill McCabe, Longwood, and Stephanie Brunner, Cape Coral, for Appellant.

Timothy A. Dunbrack and Joshua Day of Kelley, Kronenburg, Gilmartin, Fichtel, Wander, Bamdas, Eskalyo & Dunbrack, P.A., Orlando, for Appellees.

PER CURIAM.

      In this workers' compensation case, Claimant, Tony Leggett, appeals an order

of the Judge of Compensation Claims (JCC) denying contested temporary total

disability (TTD) benefits on the grounds that Claimant made misrepresentations forfeiting benefits under sections 440.09 and 440.105, Florida Statutes (2012). We affirm.

I.

Claimant was a marine dock builder who injured his back on May 9, 2013, while moving a piling. The Employer/Carrier (E/C) accepted compensability of the accident and injuries, authorized medical treatment, and began paying TTD benefits. Part of Claimant's authorized treatment required physical therapy. During physical therapy, Claimant injured his right hip; as a result, on August 16, 2013, Claimant was referred for an orthopedic evaluation. The E/C contested the evaluation on the grounds it was not related to the employment.

The E/C subsequently conducted surveillance on Claimant and found that over a three-day period in October 2013, he performed physical tasks consistent with the construction of a dock. The E/C stopped paying TTD benefits as of December 2, 2013, and denied the entire claim (including the orthopedic evaluation), asserting a fraud defense under sections 440.09 and 440.105, Florida Statutes. In 2014, Claimant filed petitions for benefits (PFBs) seeking authorization of treatment and reinstatement of TTD benefits beginning December 2, 2013. On July 11, 2014, Claimant was deposed and denied doing any dock work since the date of the accident, claiming he was only "hanging out" near the dock job.

2

After holding a hearing on the pending claims and reviewing surveillance of Claimant performing dock construction, the JCC, rendered an order on September 4, 2014, finding fraud based on the representations made in Claimant's deposition, and denying the requested benefits on this same basis. On rehearing, Claimant argued he should receive the requested benefits for dates before July 11, 2014, which was the day he made the misrepresentations that led to the finding of fraud. The JCC denied rehearing and ruled instead that "Claimant's right to receive compensation benefits ended before his demand for payment of benefits was adjudicated." Claimant appealed seeking the award of the evaluation and TTD benefits from December 2, 2013, through July 11, 2014.

II.

Section 440.105(4)(b)(1) states it is illegal for any person to "knowingly make, or cause to be made, any false, fraudulent, or misleading oral or written statement for the purpose of obtaining or denying any benefit or payment under this chapter." Section 440.09(4) bars benefits for an employee found to have "knowingly or intentionally engaged in" such acts "for the purpose of securing workers' compensation benefits." Notably, Claimant in this appeal does not challenge the finding that he violated section 440.105(4)(b)(1); Claimant's argument concerns the date that forfeiture of benefits becomes effective (either the date of his misrepresentation, July 11, 2014; or the date the JCC entered the order finding

3

misrepresentation, September 4, 2014). Review is de novo. See Gilbreth v. Genesis Eldercare, 821 So. 2d 1226, 1228 (Fla. 1st DCA 2002) (reviewing de novo JCC's conclusions involving questions of law).

Claimant presumes, without legal or factual support, that he was legally entitled to disputed benefits allegedly due for periods predating his misrepresentation. But Claimant never established his entitlement to these disability and medical benefits that the E/C was contesting. Instead, the JCC denied entitlement to these benefits, which were the very benefits at issue when Claimant made misrepresentations in deposition. Notwithstanding these facts, Claimant argues that in every instance where section 440.09(4) is applied, entitlement to benefits ends on a date certain—the date of the misrepresentation. But the plain text of section 440.09(4) suggests something different: "An employee shall not be entitled to compensation or benefits under this chapter if any judge of compensation claims, administrative law judge, court, or jury convened in this state determines that the employee has knowingly or intentionally engaged in any of the acts described in s. 440.105 . . . ." The words "shall not be entitled . . . if" indicate, at the very least, that where fraud has been found, all contested and unresolved entitlement(s) to benefits under chapter 440 are thereafter resolved against the offending employee. It follows that the JCC here did not err in denying the requested benefits in the PFBs pending before him, regardless of when entitlement to such benefits *would have*

4

accrued had there been no fraud and had the JCC reached the merits of the pending claim, which he was not required to do on account of the finding of fraud.

Finally, we distinguish Alvarez v. Unicco, 958 So. 2d 951 (Fla. 1st DCA 2007). It does not completely resolve the issue here because it dealt with the denial of "benefits for the period prior to the entry of the order [finding fraud]," but it did not make clear whether the disputed period of benefits related to a period before the date the fraud was committed. 958 So. 2d at 952. By contrast, this case squarely involves a claim for contested benefits predating the misrepresentation. The cases cited in Alvarez – Horizons Painting v. Lessard, 688 So. 2d 941 (Fla. 1st DCA 1997), and Pavilion Apartments v. Wetherington, 943 So. 2d 226 (Fla. 1st DCA 2006) – are also distinguishable on their facts. At the time of Lessard, section 440.09(4) did not allow JCCs to make determinations of fraud (instead limiting such determinations to "any administrative hearing officer, court, or jury convened in this state"), so we held there is no forfeiture where the E/C failed to show that "an administrative hearing officer, court or jury had determined that claimant had knowingly or intentionally made false statements." Subsequent to Lessard, the Legislature amended section 440.09(4) to permit JCCs to make factual determinations that fraud had occurred. Ch. 98-174, § 3, Laws of Fla. (eff. Jan. 1, 1999). After the change, this court in Wetherington affirmed, as supported by the record, a JCC's finding that a claimant had not committed fraud.

5

## III.

For the foregoing reasons, the JCC's order is affirmed. Because fraud was found in this case before adjudication of Claimant's entitlement to the benefits at issue, we do not reach the issue of whether a misrepresentation made after the entitlement to benefits is legally established will disqualify an offending employee-claimant from the right to the payment of benefits.

AFFIRMED.

ROBERTS, WETHERELL, and OSTERHAUS, JJ., CONCUR.