368 So.2d 422 (1979)
The STATE of Florida, Appellant,
v.
Luis Alberto NUNEZ, Appellee.
No. 78-1066.
District Court of Appeal of Florida, Third District.
March 6, 1979.
*423 Janet Reno, State's Atty., Paul M. Rashkind and Stephen V. Rosin, Asst. State's Attys., for appellant.
Richard Essen, Miami, Robert A. Spiegel, Coral Gables, for appellee.
Before HAVERFIELD, C.J., and PEARSON and KEHOE, JJ.
HAVERFIELD, Chief Judge.
The State of Florida appeals an order dismissing an information charging the defendant with carrying a concealed firearm.
Luis Nunez, defendant-appellee, was informed against for carrying a concealed firearm, to-wit: a pistol, in violation of Section 790.01(2), Florida Statutes (1977).[1]
Nunez moved to dismiss the information for the reason that a "pistol" is not a "firearm". In support thereof he argued that Section 790.001(6), Florida Statutes (1977) defines the term "firearm" as:
"(6) `Firearm' means any weapon (including a starter gun) which will, or is designed to, or may readily be converted to, expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. The term `firearm' shall not include an antique firearm."
and Section 790.001(5) of the same statute defines "explosive" as:
"(5) `Explosive' means any chemical compound or mixture that has the property of yielding readily to combustion or oxidation upon application of heat, flame, or shock, including but not limited to dynamite, nitroglycerin, trinitrotoluene, or ammonium nitrate when combined with other ingredients to form an explosive mixture, blasting caps, and detonators; but not including:
"(a) Shotgun shells, cartridges or ammunition for firearms; ..."
Since a pistol expels a projectile by means of an explosive and those explosives (such as cartridges or ammunition) which are utilized by a pistol are excluded by the statute from the category of explosives, Nunez concludes a pistol cannot be a firearm. The trial judge dismissed the information on this ground and the State appeals the order of dismissal. We reverse.
Although we are cognizant of the principles of law that criminal statutes should be strictly construed according to the letter thereof in favor of the accused,[2] the primary and overriding consideration in statutory interpretation is that a statute should be construed and applied so as to give effect to the evident intent of the legislature regardless of whether such construction varies from the statute's literal meaning. See Griffis v. State, 356 So.2d 297 (Fla. 1978); 9 Fla.Jur. Criminal Law § 19 (1972). In other words, criminal statutes are not to be so strictly construed as to emasculate the statute and defeat the obvious *424 intention of the legislature. State ex rel. Washington v. Rivkind, 350 So.2d 575 (Fla.3d DCA 1977). In addition, statutes must be construed so as to avoid absurd results. Sharon v. State, 156 So.2d 677 (Fla.3d DCA 1963).
The obvious intent of the legislature clearly was to include a pistol within the definition. This intent is evidenced by the enactment of Section 790.001(5), Florida Statutes (1978 Supplement)[3] and manifested in the following preamble to Chapter 78-200, Laws of Florida amending Chapter 790, Laws of Florida (1977):
* * * * * *
"CHAPTER 78-200
"Senate Bill No. 1348
"AN ACT relating to firearms; amending s. 790.001(5), Florida Statutes; limiting application of exclusions from the definition of `explosive' for purposes of chapter 790, Florida Statutes; providing an effective date.
"WHEREAS, the Legislature has declared in its introductory language to section 790.001, Florida Statutes, that `words and phrases, when used in this chapter, shall, for the purposes of this chapter, having the meanings respectively ascribed to them in this chapter, except where the context otherwise requires' (emphasis added); and
"WHEREAS, the Legislature intended to, and did, prohibit the carrying of a concealed `firearm,' i.e., `pistol,' in enacting section 790.01(2), Florida Statutes; and
"WHEREAS, the Supreme Court of the State of Florida in the case of Griffis v. State, 356 So.2d 297 (Fla. 1978), opinion filed March 2, 1978, held that:
"In construing a statute this Court is committed to the proposition that a statute should be construed and applied so as to give effect to the evident legislative intent, regardless of whether such construction varies from the statutes' literal meaning
; and
"WHEREAS, the Third District Court of Appeal of Florida in the case of Davis v. State, 215 So.2d 626 (Fla.3d D.C.A. 1968) and the Fourth District Court of Appeal of Florida in the case of Rogers v. State, 336 So.2d 1233 (Fla.4th D.C.A. 1976) held that a pistol is a firearm; and
"WHEREAS, the Supreme Court of the State of Florida in the case of Tatzel v. State, 356 So.2d 787 (Fla. 1978) held:
"It is a basic rule of statutory construction that words of common usage, when used in an enactment, should be construed in their plain and ordinary sense.
and the Court then construed words in an enactment as defined in Webster's New World Dictionary (2d ed. 1976) and Black's Law Dictionary (Rev. 4th ed. 1978); and
"WHEREAS, Black's Law Dictionary (Rev. 4th ed. 1968) defines `pistol' as:
"A short firearm, intended to be aimed and fired from one hand ...
; and
"WHEREAS, `pistol' is defined as:
"A short firearm intended to be aimed and fired with hand ...

*425 in Webster's Third International Dictionary (1966); and
"WHEREAS, a Dade County Circuit Judge in the case of State v. Nunez, Case No. 78-2876, held that, `. .. a pistol cannot be a firearm as defined by Florida law,' and dismissed an information charging the defendant with carrying a concealed firearm in violation of section 790.01(2), Florida Statutes; and
"WHEREAS, the Dade County Circuit Judge's ruling in State v. Nunez defeated the intent of the Legislature, when it enacted section 790.01(2), Florida Statutes, and disregarded the Supreme Court and District Court of Appeal rulings cited above; and
"WHEREAS, the Legislature is desirous of explicitly clarifying its intent without changing the context or substance of chapter 790, Florida Statutes, specifically section 790.011(6) which defines `firearm,' NOW, THEREFORE, ..."
* * * * * *
Furthermore, to hold that the definition of a "firearm" in Section 790.001(6), Florida Statutes (1977) was dependent upon the word "explosive" as defined in Section 790.001(5), Florida Statutes (1977) would lead to the absurd result that only a cannon, muffler, machine gun or nuclear weapon could legally be considered a firearm.
For the reasons stated, the dismissal order is reversed and the cause remanded to the trial court for further proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] "790.01 Carrying concealed weapons. 

* * * * * *
"(2) Whoever shall carry a concealed firearm on or about his person shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."
[2] See 9 Fla.Jur. Criminal Law §§ 20, 21 (1972).
[3] "(5) `Explosive means any chemical compound or mixture that has the property of yielding readily to combustion or oxidation upon application of heat, flame, or shock, including but not limited to dynamite, nitroglycerine, trinitrotoluene, or ammonium nitrate when combined with other ingredients to form an explosive mixture, blasting caps, and detonators; but not including;

"(a) Shotgun shells, cartridges or ammunication for firearms;
"(b) Fireworks as defined in s. 791.01;
"(c) Smokeless propellant powder on small arms ammunition primers, if possessed, purchased, sold, transported, or used in compliance with s. 552.241;
"(d) Black powder in quantities not to exceed that authorized by chapter 552, or by any rules or regulations promulgated thereunder by the Department of Insurance, when used for, or intended to be used for, the manufacture of target and sporting ammunition or for use in muzzle-loading flint or percussion weapons. "The exclusions contained in paragraphs (a)-(d) shall not apply to the term `explosive' as used in the definition of `firearm' in subsection (6) ..." [Emphasis Supplied]