PER CURIAM.
The appellant and another were arrested by undercover police upon effecting a sale to the latter of two kilos of cocaine. When arrested appellant was in possession of two concealed weapons, a .38 caliber revolver and a .25 caliber automatic pistol. Appellant seeks reversal of his conviction of conspiracy to sell, and for sale and possession of cocaine and for carrying two concealed weapons. We hold error has not been shown, and affirm.
Appellant’s contention of insufficiency of the evidence to show his participation in the sale of the drugs is without merit. The sale was arranged for with a woman named Nuria. To make the sale she appeared with the appellant at a motel room maintained by the officers. The appellant opened a briefcase in which were two cans (which contained the cocaine). There was evidence he and they discussed incidents of the sale — price, quantity, etc., and that the purchase was made and purchase money handed over to Nuria by the (police) purchasers. Thereupon the arrest was made. Appellant testified he had no knowledge of the sale, and was without knowledge as to the contents of the cans in the briefcase. He testified he was there to get some papers signed and a fee incident to a divorce matter he was handling. On that conflicting evidence the jury properly could and did hold the defendant guilty. The evidence as to the subject of the sale was adequate to support a finding that it was cocaine.
We find no merit in the appellant’s contention that his conviction for carrying the concealed weapons should be reversed on *421 the ground that the revolver and pistol were not firearms. See State v. Nunez, 368 So.2d 422 (Fla. 3d DCA 1979).
Affirmed.