PER CURIAM.
In this workers’ compensation case, we reverse the order of the judge of compensation claims directing the employer to pay permanent total disability supplemental benefits, together with interest and penalties thereon. At the time of the agreement between the parties regarding continued payment of permanent total disability benefits, the Workmen’s Compensation Trust Fund, not the employer, was responsible for the payment of supplemental benefits. See § 440.15(l)(e), Fla. Stat. (1975); Platt v. R.C. Prop., 574 So.2d 176 (Fla. 1st DCA 1991). Unlike the situation in Platt, in this case the parties’ agreement contains nothing that might fairly be read as an election by the employer to pay such benefits directly to the claimant. In addition, there is nothing in the subsequent dealings between the parties or in the order entered by the judge of compensation claims in 1990 which would permit such a conclusion. Moreover, it is apparent that this claim for supplemental benefits was mature and ripe for adjudication in 1990. Because the claimant failed to litigate the issue of his right to those benefits in the 1990 proceeding, the claim is considered waived, and the doctrine of res judicata precludes him from now raising it. Boynton Landscape v. Dickinson, 752 So.2d 1236 (Fla. 1st DCA 2000).
REVERSED.
WEBSTER, LEWIS and HAWKES, JJ., concur.