883 So.2d 859 (2004)
SCOTTY'S HARDWARE, INC. and United Self Insured Services, Inc., Appellants,
v.
Benjamin NORTHCUTT, Appellee.
No. 1D03-4659.
District Court of Appeal of Florida, First District.
August 31, 2004.
Rehearing Denied October 7, 2004.
*860 Susan Sapoznikoff Foltz, of The Foltz Law Firm, P.A., Tallahassee, for appellants.
William K. Thames, II, of Lozier, Thames & Frazier, P.A., Pensacola, for appellee.
WOLF, C.J.
Appellants, Scotty's Hardware, Inc. and United Self Insured Services, Inc. (E/C), appeal from a final workers' compensation order granting retroactive attendant care benefits to appellee, Benjamin Northcutt (claimant). Because the Judge of Compensation Claims (JCC) erred as a matter of law, we reverse.
Claimant was injured in a compensable accident in February 2000. He filed numerous requests for disability and medical benefits which were resolved either prior to or at mediation in January 2003. The parties agreed that the mediation resolved all pending issues except for attorneys' fees and costs.
On May 7, 2003, for the first time claimant petitioned for retroactive payment for nonprofessional attendant care by his wife, for twelve hours per day from February 7, 2001, to the present. The E/C responded that attendant care was never requested by claimant or his treating physician and that claimant was barred from raising an attendant care claim when he had failed to raise it in prior proceedings. Despite finding that the attendant care claims were ripe at the time of the previous proceedings, the JCC declined to bar the attendant care claim based on this court's opinion in Honeycutt v. R.G. Butlers Dairy, 525 So.2d 984 (Fla. 1st DCA 1988). Because Honeycutt is factually and legally distinguishable, we hold that the JCC erred in awarding retroactive attendant care benefits.
A workers' compensation claimant is barred by the doctrine of res judicata *861 from raising a claim that he was entitled to a benefit, where he could have but failed to litigate the issue of his right to that benefit in prior proceedings. See City Of Miami v. Arostegui, 864 So.2d 508 (Fla. 1st DCA 2004) (reversing award of permanent total disability supplemental benefits where claimant failed to litigate the issue of his right to those benefits in the prior proceeding, and thus, waived the claim); City of West Palm Beach v. Lewis, 779 So.2d 646 (Fla. 1st DCA 2001) (reversing award of temporary partial disability benefits because the claim was not raised at the prior hearing even though ripe for adjudication at that time); McLymont v. A Temporary Solution, 738 So.2d 447 (Fla. 1st DCA 1999) (affirming denial of claim for dental care where claim was ripe for hearing at time claimant dismissed other claims).
However, in Honeycutt, this court held that a claim for attendant care was not barred despite the fact that claimant had failed to raise that issue in two previous merits hearings. Id. at 985. In Honeycutt this court essentially excused the claimant's failure because the employer reasonably should have known that the claimant required attendant care. Id. at 986. Here the JCC made no finding that the E/C should have known of claimant's need for attendant care, nor is there competent substantial evidence that the E/C should have known of this need.[1] As such it was improper under the facts of this case for the JCC to rely on Honeycutt. We, therefore, reverse the award of retroactive attendant care benefits.
KAHN and LEWIS, JJ., concur.
NOTES
[1] We also note that an attendant care award is subject to the requirements of the statute in effect at the time the care was provided. See Socolow v. Flanigans Enters., 877 So.2d 742 (Fla. 1st DCA 2004) (reh'g denied July 28, 2004); Walt Disney World Co. v. McCrea, 754 So.2d 196, 197 (Fla. 1st DCA 2000). Honeycutt involved the 1985 version of section 440.13(2)(b), which required employers to provide attendant care benefits, even if such benefits were not requested if the nature of the injury required it. Honeycutt, 525 So.2d at 986; see also § 440.13(2)(b), Fla. Stat. (1985). In contrast, the language of the 2000 version of the statute requires that attendant care benefits be awarded only if performed "at the direction and control of a physician when such care is medically necessary." § 440.13(2)(b), Fla. Stat. (2000). Even if appellant had not waived the issue by failing to raise it in prior hearings, there was no competent substantial evidence that the attendant care was "performed only at the direction and control of a physician," as required by statute.