996 So.2d 902 (2008)
M.D. TRANSPORT and Gallagher Bassett Services, Inc., Appellants,
v.
William PASCHEN, Appellee.
No. 1D07-2373.
District Court of Appeal of Florida, First District.
November 21, 2008.
Rehearing Denied December 29, 2008.
*903 Kevin G. Malchow and Keef F. Owens of Zimmerman, Kiser & Sutcliffe, P.A., Orlando, for Appellants.
Laurie T. Miles of Smith, Feddeler, Smith & Miles, P.A., Lakeland; Susan W. Fox of Fox & Loquasto, P.A., Tampa; and Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, for Appellee.
PER CURIAM.
In this workers' compensation appeal, the Employer/Carrier (E/C) argue the judge of compensation claims (JCC) erred on three grounds. First, the E/C argue the JCC erred in holding Claimant's claim for psychiatric treatment was not barred by res judicata. The remaining two grounds challenge the JCC's determination that sections 440.25(4)(d) and 440.192(9), Florida Statutes, are substantive rather than procedural. The challenge to section 440.192(9), Florida Statutes, was not ruled on by the JCC and is not necessary to be discussed in light of our holding. We, therefore, do not address it. For the reasons that follow, we reverse on the remaining grounds.

Background
On September 2, 2004, Claimant filed a petition for benefits (PFB) for psychiatric care based on an April 24, 2002, letter from his treating physician recommending such care. Claimant testified about his psychiatric problems in his June 25, 2002, deposition. On April 11, 2005, Claimant proceeded to a final hearing on an earlier-filed PFB, but made no reference to the PFB requesting psychiatric care. The 2004 PFB for psychiatric care had previously been scheduled for mediation to take place after the April 2005 final hearing.
At a subsequent final hearing on the claim for psychiatric care, the E/C argued the claim was barred on grounds of res judicata and application of section 440.25(4)(d), Florida Statutes.
The JCC concluded the claim was not barred because the PFB had not been mediated by the time of the 2005 final hearing and, thus, was not ripe. Additionally, relying on Honeycutt v. R.G. Butlers Dairy, 525 So.2d 984 (Fla. 1st DCA 1988), the JCC found that, because the E/C had *904 knowledge of the claim for psychiatric care, it was barred from asserting res judicata. Finally, the JCC found section 440.25(4)(d), Florida Statutes, was substantive and did not apply to the PFB filed in September 2004.

Res Judicata
While workers' compensation matters can result in numerous hearings relating to a single accident and injury, the parties cannot simply ignore outstanding issues when they attend final hearings. See Hunt v. Int'l Minerals & Chem. Corp., 410 So.2d 640, 641 (Fla. 1st DCA 1982). An issue is ripe when it is "definite and concrete," not hypothetical. See Soriano v. Gold Coast Aerial Lift, Inc., 705 So.2d 636, 638 (Fla. 1st DCA 1998) (holding that a claim for a neurosurgical consult was ripe when one authorized physician recommended it even though the other did not).
Here, the JCC confused ripeness with the procedure for getting an issue before the JCC for adjudication. The claim for psychiatric care was ripe, i.e., "concrete," in 2002 when Claimant's doctor wrote the letter recommending psychiatric care. The failure to mediate the PFB before the 2005 final hearing did not preclude the application of res judicata. Claimant had various options available to him. He could have sought a waiver of the requirement to mediate from the deputy chief judge, continued the April 2005 hearing until after the scheduled mediation, secured a written stipulation from the E/C that mediating the PFB was not necessary, or requested the JCC retain jurisdiction on the issue. When a claim is ripe, absent some action on Claimant's part to bring this to the attention of the JCC, res judicata will bar a subsequent claim. See Betancourt v. Sears Roebuck & Co., 693 So.2d 680, 680 (Fla. 1st DCA 1997).
It appears the JCC relied on Honeycutt for the proposition that, based on the self-executing nature of the Workers' Compensation Act, the E/C's knowledge of yet-to-be-litigated issues would prevent the application of res judicata. The JCC's reliance was misplaced. Honeycutt applied section 440.13(2)(b), Florida Statutes (1985), which "require[d] the employer to provide nursing care benefits, even though not requested, if the nature of the injury requires such benefits," when it held the claim was not barred by res judicata. Honeycutt, 525 So.2d at 986.
While Honeycutt references the self-executing nature of the Workers' Compensation Act, the specific result rejecting the e/c's defense of res judicata has been limited to the facts of the case. See Scotty's Hardware, Inc. v. Northcutt, 883 So.2d 859, 861 (Fla. 1st DCA 2004) (distinguishing Honeycutt because the applicable statute in Honeycutt required the e/c to provide attendant care benefits even if it had not been requested).
Here, the claim for psychiatric care was ripe in 2002, following the recommendation made by Claimant's doctor and Claimant's 2002 deposition testimony. Claimant had several options at the time of the 2005 final hearing. His failure to do anything barred him from subsequently litigating entitlement to psychiatric care. Because the claim was ripe at the time of the 2005 final hearing, the JCC erred by concluding the claim was not barred by res judicata.

Substantive versus Procedural
While a claimant's substantive rights are based upon the date of the compensable accident, "procedural or remedial enactments may apply without regard to the date of accident and injury, as the parties generally do not have a vested entitlement with regard to such matters." Paulk v. Sch. Bd. of Palm Beach County, 615 So.2d 260, 261 (Fla. 1st DCA 1993). "[S]ubstantive law prescribes duties and *905 rights and procedural law concerns the means and methods to apply and enforce those duties and rights." Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994).
At issue here is the addition of the following language at the end of section 440.25(4)(d), Florida Statutes: "Any benefit due but not raised at the final hearing which was ripe, due, or owing at the time of the final hearing is waived."
The JCC concluded the additional statutory language was substantiative because "by possibly barring claims, [it] substantively affected an injured workers' entitlement to benefits." The JCC's analysis is misguided. The statutory language does not alter Claimant's substantiative right to receive medical treatment or the type of treatment to which Claimant is entitled. The language only prescribes the means and methods with which he must comply to establish his entitlement to medical treatment. The statutory change is procedural and applies regardless of the date of accident. The JCC erred in holding the section to be substantive.
For the foregoing reasons, we REVERSE the JCC's order awarding psychiatric treatment and REMAND for proceedings consistent with the opinion.
WOLF, DAVIS, and ROBERTS, JJ., concur.