KAHN, J.
 

 Claimant raises three issues on appeal. In the first issue, Claimant seeks reversal of the decision of the Judge of Compensation Claims (JCC) to reserve jurisdiction over issues that were ripe, but not mediated, at the time of the merit hearing. Because Claimant’s counsel brought the unmediated claims to the attention of the JCC, and the JCC properly reserved jurisdiction over those claims, we affirm. In the second issue, Claimant challenges the JCC’s refusal to consider the opinions of two doctors who provided treatment to Claimant during a period when the employer/carrier (E/C) wrongfully withheld benefits and medical care. Because Claimant met his evidentiary and legal burden in proving the medical necessity and compensability of such care, we reverse. As a result of our disposition of the second issue, we need not address Claimant’s third issue, in which he argues the JCC erred in denying permanent total disability (PTD) benefits.
 

 /.
 
 BACKGROUND
 

 Claimant injured his right (dominant) shoulder in a compensable accident on November 2, 2003. The Employer sent Claimant to an orthopedist who performed shoulder surgery. After surgery, Claimant developed additional symptoms in his right upper extremity, and was ultimately diagnosed with complex regional pain syndrome/reflex sympathetic dystrophy (RSD). The RSD spread to Claimant’s lower extremities and he experienced great difficulty using his right arm and leg. Claimant also developed a major depressive disorder caused in major part by the workplace injuries. The E/C authorized treatment through a pain management doctor (for RSD) and a psychiatrist (for depression).
 

 
 *960
 
 After discovering records from prior accidents, the E/C suspended all benefits and de-authorized all medical care, based on major contributing cause (MCC) and fraud. Claimant then filed specific requests for authorized treatment with a neurologist and an RSD specialist, which the E/C denied. Claimant subsequently-obtained treatment on his own with Dr. Kirkpatrick (anesthesiologist/RSD specialist) and Dr. Benezette (neurologist). Claimant filed petitions for benefits (PFBs) for temporary disability benefits, PTD benefits, and payment of the bills from Dr. Kirkpatrick and Dr. Benezette.
 

 In the order on appeal, the JCC rejected the E/C’s defenses, awarded temporary disability benefits up to the expiration of the statutory maximum for such benefits, and found the E/C “forced” Claimant to obtain treatment on his own. The JCC found the treatment Claimant obtained from Dr. Benezette and Dr. Kirkpatrick reasonable, medically necessary, and com-pensable. Accordingly, the JCC ordered the E/C to pay the doctors’ outstanding bills along with Claimant’s corresponding out-of-pocket expenses.
 

 Nevertheless, the JCC excluded Dr. Be-nezette’s medical opinions because he was not an independent medical examiner (IME), expert medical advisor (EMA), or authorized provider. The JCC also refused to consider the medical opinions expressed by Dr. Kirkpatrick in his second deposition because he administered injections to Claimant after his initial deposition and was therefore no longer acting as an IME.
 
 *
 
 Finally, the JCC denied PTD primarily because Claimant had not reached maximum medical improvement (MMI) from the RSD condition and because Claimant failed to prove that he was PTD from those conditions for which Claimant had reached MMI (presumably the psychiatric condition). In reaching this finding, the JCC expressly stated that he disregarded the medical opinion of Dr. Benezette and the opinion testimony expressed by Dr. Kirkpatrick in his second deposition.
 

 II. ANALYSIS
 

 A. Presewation of Unmediated PFBs
 

 At hearing, Claimant’s counsel alerted the JCC to the fact that several PFBs had been filed that had not yet been mediated. The E/C would not agree to try the unmediated issues and, as a result, the JCC reserved jurisdiction on these unmediated PFBs for a subsequent hearing. Four months after the JCC entered the order in the instant case, this court issued its opinion in
 
 M.D. Transport v. Paschen,
 
 996 So.2d 902 (Fla. 1st DCA 2008). In
 
 Paschen,
 
 we held that a claimant’s attendance at a final merit hearing requires him to apprise the JCC of ripe PFBs that have not yet been mediated, and failure to preserve or present these claims by some action will bar him from subsequently litigating the claims, based on res judicata.
 
 Id.
 
 at 904. Claimant has evidently interpreted
 
 Paschen
 
 to stand for the proposition that all ripe PFBs must be heard at the time of merit hearing or otherwise they are waived or subject to res judicata. Accordingly, in an apparent abundance of caution, Claimant asks for remand of the
 
 *961
 
 JCC’s reservation of jurisdiction on the unmediated PFBs, for fear that the claims will be waived pursuant to this court’s then-unforeseen holding in
 
 Paschen.
 
 Claimant’s concerns are unwarranted because he took those actions necessary to apprise the JCC of the ripe, but unmediated PFBs, and the JCC properly reserved jurisdiction on the unmediated PFBs.
 

 We reiterate that, in
 
 Paschen,
 
 the claimant’s counsel was aware of the claimant’s referral to psychiatric care in 2002, had filed a PFB for psychiatric care in 2004, and proceeded to a merit hearing in 2005 regarding issues other than the request for psychiatric care.
 
 Id.
 
 at 903. Even though the PFB for psychiatric care was filed (but unmediated) at the time of the 2005 merit hearing, the claimant’s counsel neither presented nor mentioned the claim for psychiatric care.
 
 Id.
 
 at 903-04. Accordingly, in
 
 Paschen,
 
 we stated: “When a claim is ripe, absent
 
 some action
 
 on Claimant’s part to bring this to the attention of the JCC, res judicata will bar a subsequent claim.”
 
 Id.
 
 at 904 (emphasis added; citations omitted).
 

 In contrast, in this case, Claimant apprised the JCC of the outstanding, but unmediated, PFBs. The JCC, by reserving jurisdiction on the claims, did all that was required to preserve the issues for a subsequent hearing.
 

 B. Testimony of an
 
 “Unauthorized”
 
 Provider
 

 At first blush, the workers’ compensation statute is relatively clear as to the medical opinions admissible in a proceeding before a JCC:
 

 No medical opinion other than the opinion of a medical advisor appointed by the [JCC], ... an [IME], or an authorized treating provider is admissible in proceedings before the [JCC].
 

 § 440.13(5)(e), Fla. Stat. (2003). This court has held a JCC errs in admitting opinion testimony of a physician who is not in one of these categories.
 
 See, e.g., Seminole County Sch. Bd. v. Tweedie,
 
 922 So.2d 1011 (Fla. 1st DCA 2006). We have also held, however, when the E/C wrongfully denies medical care and the claimant is required to utilize the self-help provisions of section 440.13(2)(c), the JCC is not obliged to exclude the opinions of the doctors from whom Claimant was forced to obtain medical treatment.
 
 See Fla. Distillers v. Rudd,
 
 751 So.2d 754, 757 (Fla. 1st DCA 2000) (superseded by statute on other grounds);
 
 see also Boggs v. USA Water Ski, Inc.,
 
 18 So.3d 610 (Fla. 1st DCA 2009). We note that no fewer than nine legislative sessions have commenced and recessed since our decision in
 
 Rudd.
 
 Although the Legislature has made substantial changes to the Florida Workers’ Compensation Law, it has not altered the statute in any way that would lead this court to conclude that our holding in
 
 Rudd
 
 (relative to the admissibility of the opinions of doctors obtained through the self-help provision of the statute) is not a correct interpretation of the statutory scheme. Today we seek to clarify any ambiguities in our decisions regarding the admissibility of the opinion testimony of doctors from whom an employee obtains reasonable and necessary treatment during a wrongful denial of benefits occasioned by the employer or carrier.
 

 An employer’s right to select and/or “authorize” doctors from whom an employee may receive treatment is concomitant with its affirmative duty to provide appropriate care at the appropriate time. Thus, so long as the employer fulfills its duty, it retains the right to select and authorize the physicians to treat the injured worker.
 
 See Butler v. Bay Ctr.,
 
 947 So.2d 570, 572 (Fla. 1st DCA 2006). When an employer abandons its obligation to provide appropriate care, however, it like
 
 *962
 
 wise surrenders to the injured employee the right to select a physician and obtain treatment, provided the care is “compensa-ble and medically necessary.” § 440.13(2)(é), Fla. Stat. (2003). Under the self-help provision of section 440.13(2)(c) — a provision of the statute that theoretically, the employee should never need to use — the JCC can award past medical treatment at the “expense of the employer” only where care has been wrongfully denied and the employer or carrier has been afforded a reasonable opportunity to provide such care.
 
 See id.
 
 To the narrow extent this section allows a JCC to order payment to a physician, it also empowers the JCC to “authorize” the doctors for the past care provided.
 
 Cf
 
 § 440.13(3)(a), Fla. Stat. (2003) (making authorization a condition to physician’s eligibility to receive payment for treatment rendered).
 

 Employer/carrier here argues that authorization of a physician can emanate only from the unassailable discretion of an employer or carrier, without regard to any breach of the obligation to provide appropriate care at the appropriate time. Logically, though, this would mean physicians who provide care pursuant to section 440.13(2)(c) may never be paid for their services, because of the limitations contained in section 440.13(3)(a). Such an interpretation overlooks the Legislature’s intent that the statute, despite extensive modification, should still be interpreted to assure the quick and efficient delivery of medical benefits in a “self-executing system.” Moreover, such a stark construction renders the self-help provision of the statute virtually meaningless.
 
 See
 
 § 440.015, Fla. Stat. (2003) (“The department, agency, the Office of Insurance Regulation, the Department of Education, and the Division of Administrative Hearings shall administer the Workers’ Compensation Law in a manner which facilitates the self-execution of the system and the process of ensuring a prompt and cost-effective delivery of payments.”).
 

 Section 440.13(2)(c) operates in the limited circumstances where the employer or carrier wrongfully denies medical care, contrary to the duty to provide necessary treatment. An essential piece of the workers’ compensation statute remains the availability of appropriate treatment on a timely basis, so as to avoid public responsibility for such. Accordingly, we hold that, where section 440.13(2)(c) applies, the JCC has the statutory authority to authorize a doctor for care provided during the period of wrongful denial, and the doctor’s medical opinion is admissible pursuant to section 440.13(5)(e). The employee retains the burden, however, to establish that he made a specific request for the care, allowed the employer or carrier a reasonable time to respond, and obtained care that was compensable, reasonable, and medically necessary.
 
 See
 
 § 440.13(2)(c), Fla. Stat. (2003). We emphasize the holding reached today applies only in those circumstance where the E/C wrongfully withholds benefits. For instance, if an E/C suspends benefits based on grounds of fraud or MCC that are warranted and later proven to be correct, the care obtained by Claimant (even if medically necessary) would not be compensable or awardable. See § 440.13(l)(e), Fla. Stat. (2003) (defining “compensable”); see
 
 also Alvarez v. Unicco,
 
 958 So.2d 951 (Fla. 1st DCA 2007).
 

 Here, because Dr. Benezette and Dr. Kirkpatrick were authorized by operation of section 440.13(2)(c), Florida Statutes (2003), for the care provided during the E/C’s wrongful denial of benefits, the JCC should not have excluded their medical opinions pursuant to section 440.13(5)(e). Because we are unable to determine whether the JCC would have reached the
 
 *963
 
 same result regarding Claimant’s entitlement to PTD benefits had he considered the opinions excluded from evidence, we remand the JCC’s denial of PTD benefits for further proceedings consistent with this opinion.
 

 AFFIRMED in part, REVERSED in part, and REMANDED.
 

 WOLF and VAN NORTWICK, JJ., concur.
 

 *
 

 Claimant originally utilized Dr. Kirkpatrick as an IME; however, after the E/C suspended all benefits, Claimant received injections (sympathetic blocks) from the doctor. Dr. Kirkpatrick testified he administered the injections for both therapeutic and diagnostic purposes. Although Claimant does not challenge the JCC's finding that Dr. Kirkpatrick ceased to operate as an IME once he administered injections, significant questions (which do not serve as the basis for our opinion) arise as to whether Dr. Kirkpatrick was no longer an IME as found by the JCC, given the diagnostic purpose of the injections.