PER CURIAM.
In this workers’ compensation appeal, Claimant contends the JCC erred by finding: 1) res judicata barred her claim for compensability of her 2004 neck injury; 2) res judicata also barred her request for diagnostic tests recommended by her authorized treating physician, and there was no evidence the recommendation concerned Claimant’s compensable shoulder injury; 3) Claimant was not entitled to treatment for her neck; and 4) Claimant failed to establish her entitlement to permanent total disability (PTD) benefits and supplemental benefits. We affirm without further comment as to the third and fourth issues. For the reasons explained below, we reverse as to the first two.

Factual Background

Claimant suffered a compensable workplace accident on March 28, 2004, injuring her shoulder, neck, and back. Claimant initially received treatment for her neck at an occupational clinic. On May 24, 2004, she began treating with Dr. Donshik, and complained of shoulder, neck, and lumbar pain. The doctor made no note of neck complaints during Claimant’s subsequent office visits, and his treatment was focused on Claimant’s shoulder and back. In September 2005, Claimant’s care was transferred to Dr. Pritchard, who treated Claimant’s shoulder, including performing surgery in November 2005. At a May 31, 2006, office visit with Dr. Pritchard, Claimant complained of neck pain for the first time since beginning her treatment with him, and attributed it to a May 18, 2006, workplace accident.
Claimant filed petitions seeking com-pensability of her 2006 accident, and various benefits related to that accident, including authorization of an EMG and a nerve conduction study (NCS) of her neck, as recommended by Dr. Pritchard. Ten days before the final hearing scheduled to address those petitions, the employer/carrier’s (E/C’s) adjuster testified the E/C had accepted compensability of Claimant’s *720 shoulder and neck conditions as related to the 2004 accident, and authorized treatment for both conditions, but denied com-pensability of any alleged 2006 accident. The E/C did not change this position prior to the final hearing, and there was no consolidation of the two dates of accident. After a hearing on July 19, 2007, the JCC entered an order in which she found Claimant failed to establish that there was an accident in 2006, and consequently denied all benefits related to that accident.
After the JCC entered this order, Claimant deposed Dr. Pritchard who testified that, after an office visit on October 31, 2007, he again recommended Claimant undergo an EMG and NCS, this time for Claimant’s “symptomatic left upper extremity,” and that the tests were for evaluation purposes intended to reveal whether all or some of Claimant’s shoulder pain was originating in her shoulder, or if it involved cervical radiculitis. The E/C continued to accept compensability of Claimant’s 2004 shoulder injury, but rescinded its acceptance of Claimant’s 2004 neck injury. The E/C refused to authorize the tests, and Claimant filed petitions seeking compensability of her 2004 neck injury, and authorization of the EMG and NCS based on Dr. Pritchard’s testimony.
A final hearing ensued, and the JCC found res judicata barred the claim for compensability of the 2004 neck injury, finding the issue was ripe at the time of the 2007 hearing and Claimant failed to seek adjudication then. The JCC also found res judicata barred the EMG and NCS request because that issue was already tried at the previous hearing. As an alternative basis for denying authorization of these tests, the JCC found there was no evidence the tests were recommended “for evaluation of Claimant’s compensable shoulder condition.”

Analysis

The JCC erred by finding that res judicata barred the claim for compensability of Claimant’s 2004 neck injury because, contrary to the JCC’s determination, it was not ripe at the time of the 2007 hearing. The 2007 hearing was called to address the merits of Claimant’s request for compensability and various benefits related solely to an alleged 2006 date of accident. Nothing in either chapter 440 of the Florida Statutes or chapter 60Q-6 of the Florida Administrative Code requires a claimant to consolidate claims filed under separate and distinct dates of accident. Therefore, even if compensability of Claimant’s neck condition with respect to the 2004 date of accident was at issue at the time of the 2007 hearing, Claimant was not required to seek adjudication of the issue at the 2007 hearing called to address the 2006 accident. Thus, the facts here distinguish this case from M.D. Transport v. Paschen, 996 So.2d 902 (Fla. 1st DCA 2008), because that case involved two petitions filed under the same date of accident. Id. at 903. Moreover, compensability of Claimant’s neck condition with respect to the 2004 accident was not at issue at the time of the 2007 hearing, and therefore the issue was not ripe at that time.
Claimant’s request for authorization of an EMG and NCS was based on Dr. Pritchard’s recommendation made after the 2007 hearing. The doctor testified that the tests were to be conducted on Claimant’s “symptomatic left upper extremity” (shoulder), which was injured in the compensable 2004 accident. Consequently, the request could not have been ripe in 2007 and thus, res judicata was not implicated.
In any event, the tests should be authorized regardless of the compensability of the 2004 neck condition. The record does not support the JCC’s finding there was no evidence these tests were recommended *721 for evaluation of Claimant’s compensable shoulder condition. As noted, Dr. Pritch-ard testified the tests were for evaluating Claimant’s left shoulder, and were intended to reveal whether all or some of Claimant’s shoulder pain was originating in her shoulder, or if it involved cervical radiculi-tis. Thus, the tests were for purely diagnostic purposes related, at least in part, to Claimant’s compensable shoulder condition. Consequently, the JCC should have authorized the tests. See Nealy v. City of W. Palm Beach, 491 So.2d 585, 586 (Fla. 1st DCA 1986) (holding when purpose of diagnostic test is to determine cause of claimant’s symptoms, which may be related to compensable accident, cost of test is compensable).

Conclusion

Based on the foregoing, the JCC erred by finding res judicata barred Claimant’s claims for compensability of her 2004 neck injury and request for an EMG and NCS, and also by denying authorization of the EMG and NCS. Accordingly, we REVERSE and REMAND for proceedings consistent with this opinion.
HAWKES, C.J., THOMAS, and ROBERTS, JJ., concur.