HANKINSON, JAMES C, Associate Judge.
This workers’ compensation appeal arises out of Claimant’s injuries suffered while working for the Division of Forestry. Claimant requested treatment for injuries to his right leg and lower back and for mental and emotional difficulties. The Employer/Carrier (E/C) accepted the com-pensability of only the leg and back conditions. Claimant requested a referral for psychiatric treatment from the Carrier and, receiving no authorization, sought treatment on his own with a psychiatrist, Dr. Walker. At the hearing, the JCC ruled that the E/C was responsible for reimbursing Claimant the cost of Dr. Walker’s treatment provided through the date of the final hearing, but the E/C was not required to provide Claimant with continued treatment by Dr. Walker. Rather, the E/C was entitled to select and authorize a psychiatrist of its choosing to provide ongoing psychiatric care.
Claimant raises two issues in this workers’ compensation appeal: (1) whether the Judge of Compensation Claims (JCC) erred in raising an issue that was not litigated by the parties; and (2) whether the JCC erred in denying authorization for ongoing care with Dr. Walker. We affirm both issues.
In support of his first issue, Claimant argues the JCC erred because he relied on a case not cited by either party. The Employer/Carrier (E/C) responds that, while it did not cite the particular case relied upon by the JCC, the case supported the specific relief sought by the E/C.
The JCC is authorized to “do all things conformable to law which may be necessary to enable the judge effectively to discharge the duties of her or his office.” § 440.33(1), Fla. Stat. (2008). Florida’s appellate courts have repeatedly approved a trial judge’s ability to conduct independent legal research. See Castella v. State, 959 So.2d 1285, 1288 (Fla. 4th DCA 2007) (taking no issue with trial judge’s statement she conducted research and found two cases on point); Tarrant v. Jacoboni, 780 So.2d 344, 345 (Fla. 3d DCA 2001) (noting that “trial court may take a disqualification motion under advisement in order to perform legal research”); Mayer v. State, 523 So.2d 1171, 1173 (Fla. 2d DCA 1988) (taking no issue with trial judge’s statement that she intended to conduct *800 further research before issuing ruling). Accordingly, the JCC did not err in relying on case law identified by his own independent research.
The second issue raised by Claimant has been touched upon by this court in the recent decisions in Butler v. Bay Center, 947 So.2d 570 (Fla. 1st DCA 2006), the case relied upon by the JCC, and Parodi v. Florida, Contracting Co., 16 So.3d 958 (Fla. 1st DCA 2009). Simply put, does the E/C retain the right to control the selection of the future treating physician after the JCC determines the E/C wrongfully denied entitlement to treatment previously requested by the claimant?
Claimant argues this court’s interpretation of section 440.13(2)(c), Florida Statutes (2005), in Butler that “the E/C is not required to authorize that physician [the one claimant obtained treatment with when the E/C failed to authorize the requested treatment] for the claimant [for future treatment]” is dicta and conflicts with other decisions of this court. 947 So.2d at 572. Claimant’s argument fails to address the 2003 amendment to section 440.13(2)(c) whereby the Legislature inserted the term “initial” before the phrase “treatment and care.” Rules of statutory construction require that when interpreting a statute, terms should be given their plain meaning. See Closet Maid v. Sykes, 763 So.2d 377, 381 (Fla. 1st DCA 2000). “[T]he primary and overriding consideration in statutory interpretation is that a statute should be construed and applied so as to give effect to the evident intent of the legislature.” Deason v. Fla. Dep’t of Com., 705 So.2d 1374, 1375 (Fla.1998) (quoting State v. Nunez, 368 So.2d 422, 423-24 (Fla. 3d DCA 1979)).
Section 440.13(2)(c) addresses only the situation whereby the employer fails “to provide initial treatment or care” (emphasis added). In such instances, an employee is entitled to obtain that “initial treatment at the, expense of the employer.” Id. (emphasis added). “Initial” is defined as “of or relating to the beginning; marking the commencement.” Webster’s Third New Int’l Dictionary 1163 (Unabridged 1967). The insertion of the word “initial” evinces the intent of the Legislature to restrict the application of this subsection to only the circumstances described therein — the “beginning” treatment for a particular condition.
Nothing in this subsection requires the employer to accept the employee’s selection for future care. Reference should instead be made to section 440.13 generally, which has long been interpreted to make clear that the employer controls the selection of the treating physicians.[1] See TW Servs., Inc. v. Aldrich, 659 So.2d 318, 322 (Fla. 1st DCA 1994) (reversing JCC’s authorization of a specific doctor for future medical treatment because section 440.13 gives the employer the right to select treating physicians).
In Parodi, we made clear that “the JCC has the statutory authority [pursuant to section 440.13(2)(c)] to authorize a doctor for care provided during the period of wrongful denial.” 16 So.3d at 962. The “period of wrongful denial” is that time period during which the employer fails to furnish the employee medical treatment and care which a JCC finds to be medically necessary. We now make equally clear that “the period of wrongful denial” ends when the JCC finds the employee entitled *801 to the previously denied medical treatment. The JCC did not err in denying future authorization of Dr. Walker and directing the E/C to select a phj^sician to provide Claimant with psychiatric treatment and care.
AFFIRMED.
HAWKES, C.J., concurs; BENTON,'J., dissents with opinion.

. In rendering this opinion we do not reach the issue of whether the JCC may order continued treatment with a particular physician when such care is found to be medically necessary based on the particular facts of the case; for example, the treatment provided is so specialized that few, if any, other physicians are qualified in that specialty area.