WOLF, J.
In this workers’ compensation appeal, Claimant raises two issues. In the first issue, Claimant challenges the Judge of Compensation Claims’ (JCC’s) refusal to consider the opinion of a physician who provided treatment to Claimant during a period when the employer/carrier (E/C) wrongfully withheld medical care. Because claimant met her evidentiary and legal burden in proving the physician became authorized by operation of law under section 440.13(2)(c), Florida Statutes (2007), we reverse.
Claimant, a teaching assistant for the E/C, sustained multiple orthopedic injuries in a compensable accident on February 20, 2008. Claimant’s orthopedic injuries eventually resulted in a psychiatric injury. In February 2009, Claimant made a request for psychiatric treatment, which the E/C initially denied by fax on February 24, 2009. Consequently, Claimant obtained psychiatric care on her own with Dr. Walker on March 20, 2009.
After her initial appointment with Dr. Walker, Claimant filed a formal grievance with the E/C seeking past and future psychiatric care with Dr. Walker. Thereafter, both parties exercised their right to an independent medical examination (IME). The E/C’s IME revealed claimant suffered from depression and opined Claimant’s work related injury was the major contributing cause of her condition. As a result of the IME, the E/C authorized psychiatric treatment with Dr. Forman beginning on September 1, 2009.
Claimant later filed several petitions for benefits (PFBs) seeking in relevant part, reimbursement for her past psychiatric treatment with Dr. Walker, future psychiatric care with Dr. Walker, rather than Dr. Forman, and temporary disability benefits.
At the final hearing, in support of her request for temporary benefits, Claimant sought to admit Dr. Walker’s deposition, which was otherwise prohibited by section 440.13(5)(e), Florida Statutes because Dr. Walker was neither an (1) expert medical advisor; (2) independent medical examiner; and/or (3) authorized treating physician. Claimant argued that because she made a specific request for psychiatric treatment and that request was wrongfully denied, she was entitled to use the self-help provisions of section 440.13(2)(c), Florida Statutes. Claimant asserted this entitlement authorized the admission of Dr. Walker’s otherwise prohibited testimony pursuant to this court’s decision in Parodi v. Fla. Contracting Co., 16 So.3d 958 (Fla. 1st DCA 2009).
In Parodi, this court held, notwithstanding the limitation embodied in section 440.13(5)(e), Florida Statutes, when an E/C “wrongfully denies medical care and the claimant is required to utilize the self-help *930 provisions of section 440.13(2)(c), the JCC is not obliged to exclude the opinions of the doctors from whom Claimant was forced to obtain medical treatment.” Id. at 961 (citing Fla. Distillers v. Rudd, 751 So.2d 754, 757 (Fla. 1st DCA 2000)). Further, in Parodi, this court held that once a claimant demonstrates he or she (1) made a specific request for care, (2) allowed the E/C a reasonable time to respond, and (3) obtained care that was compensable, reasonable, and medically necessary, the JCC has statutory authority to admit the otherwise prohibited medical opinion pursuant to section 440.13(5)(e). Id. at 962.
In support of her request to admit the testimony of Dr. Walker, Claimant introduced the testimony of the E/C’s adjuster which established the E/C’s receipt of the request for psychiatric treatment and the denial of that request issued by fax on February 24, 2009. However, neither the request nor the denial fax were offered into evidence.
Based on the foregoing, although the JCC found the care rendered by Dr. Walker was “unquestionably” medically necessary, the JCC denied the Claimant’s request to admit Dr. Walker’s testimony. Specifically, the JCC found (1) the Claimant did not introduce her “alleged” initial request for psychiatric care into evidence; (2) the adjuster’s response to the request was not included in the exhibits attached to her deposition; and (3) the alleged request for psychiatric care which prompted the E/C’s February 24 denial was not supported by a recommendation for such treatment.
As noted above, in the underlying situation, the Claimant retains the burden of proving she (1) made a specific request for care, (2) allowed the E/C a reasonable time to respond, and (3) obtained care that was compensable, reasonable, and medically necessary. Parodi, 16 So.3d at 962. Here, the undisputed testimony of the E/C’s adjuster established the Claimant met the first two of these three burdens. Namely, the adjuster confirmed Claimant requested care and that request was specific enough to generate a denial fax. Indeed, when asked at oral argument if the E/C required additional specificity than that which the evidence established, counsel for the E/C was unable to articulate any additional information required by the E/C. Furthermore, neither party disputed, and the JCC found, the treatment was reasonable and medically necessary. Thus, Claimant met her burden and the JCC erred in requiring Claimant’s request and the subsequent denial be entered into evidence as a prerequisite to admission of Dr. Walker’s testimony.
In addition, to the extent the JCC excluded Dr. Walker’s opinion on the basis that Claimant’s request for psychiatric care was not supported by a recommendation for such treatment, the JCC erred as a matter of law. Contrary to the JCC’s determination, Claimant was not required to obtain a referral prior to unilaterally seeking treatment with a psychiatrist. § 440.13(2)(c), Fla. Stat. (2007).
For these reasons, the JCC’s order is REVERSED and REMANDED for further proceedings.
ROBERTS and ROWE, JJ., concur.