IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

SEARS OUTLET AND SEDGWICK CMS,

    Appellants,

v.

JAMES BROWN,

    Appellee.

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED

CASE NO. 1D14-2289

_____/

Opinion filed December 9, 2014.

An appeal from an order of the Judge of Compensation Claims.
Edward Ramos Almeyda, Judge.

Date of Accident: July 8, 2010.

Jane E. McGill of Pallo, Marks, Hernandez, Palm Beach Gardens, for Appellants.

Carolyn Friedman Frank, Harvey Friedman, and Raquel Y. Reyes-Lao of Friedman, Rodman & Frank, P.A., Miami, for Appellee.

PER CURIAM.

In this workers' compensation case, the Employer/Carrier (E/C) challenges an order by the Judge of Compensation Claims (JCC) requiring the E/C to provide Claimant with treatment for a renal mass/cancer to the extent that it was a hindrance

to treatment of the compensable lumbar spine injury. After undergoing low back surgery to treat the compensable injury, Claimant experienced a recurrence of back pain. The E/C authorized an orthopedic workup for a second back surgery during which an MRI of the lumbar spine revealed a right kidney mass suspicious for renal cancer. The E/C subsequently authorized a urologist to clear Claimant for the proposed back surgery.

After evaluating Claimant, the authorized urologist referred Claimant to a hospital for further diagnostic testing with partial or complete removal of the kidney. Instead of requesting the recommended kidney diagnostics and surgery from the E/C, Claimant had the procedure done at a hospital on an unauthorized, non-emergency basis. Only after the procedure was complete (with Claimant's kidney being removed resulting in a final diagnosis of renal cancer) did Claimant ask the E/C to pay for such treatment.

According to the medical opinions accepted by the JCC, the kidney mass needed to be removed before Claimant could undergo further evaluation of the low back, have the back surgery, or take additional anti-inflammatories. Applying the hindrance-to-recovery doctrine, the JCC determined that the E/C was responsible for treating the unrelated kidney condition to the extent necessary to remove the hindrance it created to treating the compensable back injury. The JCC also ruled that Claimant's failure to request authorization for the kidney surgery was excused

under the self-help provision of section 440.13(2)(c), Florida Statutes (2010). Accordingly, the JCC directed the E/C to pay the hospital for the admission for the kidney surgery and to reimburse Claimant for the related payments he made directly to the hospital.

On appeal, the E/C argues that the JCC applied an incorrect test to find the kidney treatment received at the hospital compensable under the hindrance-to-recovery doctrine and misinterpreted the requirements of the self-help provision of section 440.13(2)(c). To the extent these issues involve the JCC's application of undisputed facts to the law, review is de novo. See Gilbreth v. Genesis Eldercare, 821 So. 2d 1226, 1228 (Fla. 1st DCA 2002). Because we find that the E/C is not legally responsible under section 440.13(2)(c) for the medical bills related to the kidney surgery—even assuming the compensability of Claimant's unrelated kidney problem, we find it unnecessary to address the JCC's application of the hindrance-to-recovery doctrine.

The JCC found section 440.13(2)(c) applicable based solely on his determination that the E/C wrongfully denied the medical care. Section 440.13(2)(c) expressly provides, however, that "[t]here must be a specific request for the initial treatment or care, and the employer or carrier must be given a reasonable time period within which to provide the initial treatment or care" before a claimant is entitled to recover any amount expended for initial treatment or care. See Parodi v. Fla.

Contracting Co., 16 So. 3d 958, 962 (Fla. 1st DCA 2009) (holding that section 440.13(2)(c) operates in limited circumstances where e/c wrongfully denies medical care but noting that claimant "retains the burden. . . to establish that he made a specific request for the care, allowed the employer or carrier a reasonable time to respond, and obtained care that was compensable, reasonable, and medically necessary"). Here, it is undisputed that Claimant did not specifically request that the E/C provide the treatment and care recommended by the authorized urologist and provided by the hospital. Although the authorized urologist recommended follow-up for the kidney mass in his report, he also indicated that it was unlikely that the kidney condition was related to the workers' compensation injury. This language cannot be reasonably construed as a specific request for treatment from the E/C. The JCC, therefore, erred when he determined that Claimant was entitled to recover the cost of his kidney surgery from the E/C under the statutory provision of section 440.13(2)(c). Accordingly, we REVERSE the award of the medical costs related to the treatment of Claimant's renal mass/cancer.

ROBERTS, RAY, and MAKAR, JJ., CONCUR.

4