IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DANE HIDDEN,

        Appellant,

v.

DAY &
ZIMMERMAN/FLORIDA
POWER & LIGHT
CO./BROADSPIRE,

        Appellees.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-1045

_____/

Opinion filed October 7, 2016.

An appeal from an order of the Judge of Compensation Claims.
Robert D. McAliley, Judge.

Date of Accident: May 22, 2015.

James T. Walker of Hayskar, Walker, Schwerer, Dundas & McCain, P.A., Ft. Pierce,
for Appellant.

William H. Rogner and Derrick E. Cox, Winter Park, for Appellees.


PER CURIAM.

     In this workers' compensation case, Claimant argues that the Judge of

Compensation Claims (JCC) erroneously (1) excluded certain medical evidence, and

(2) failed to rule on his entitlement to indemnity benefits. We affirm the second issue without further comment, and we affirm the first issue for the reasons that follow.

## Factual and Procedural Background

Claimant alleged that he developed a sudden pain in his neck when opening heavy lids on equipment lockers at work on May 22, 2015. Although Claimant lost consciousness, no injury was readily observable. Claimant was transported by ambulance to an emergency room, but the Employer/Carrier (E/C) did not authorize this or any other medical care. The E/C did not accept any injury as compensable, theorizing that Claimant's neck pain was preexisting and not work-related.

Claimant subsequently saw two doctors that were not authorized by the E/C to treat him: Dr. Brown, an orthopedic surgeon, and Dr. Estes, a physical rehabilitation and pain management specialist. Dr. Brown diagnosed Claimant with "whiplash-type syndrome" and cervicalgia (neck pain), and prescribed physical therapy and medication. Dr. Estes also diagnosed Claimant with cervicalgia—as well as a sprain of the cervical spine and a small posterior C5-C6 disc protrusion—and administered cervical epidural steroid injections. Both Drs. Brown and Estes opined that Claimant's symptoms were caused by the work-related incident, although Dr. Estes added that the disc protrusion was not necessarily work-related.

Claimant thereafter filed a petition for benefits seeking, among other things, a determination that the injuries diagnosed by Drs. Brown and Estes are compensable. At the hearing before the JCC, Claimant submitted the depositions of Drs. Brown and Estes in support of the petition. The E/C objected to the medical opinions in the depositions based on section 440.13(5)(e), Florida Statutes (2014), which prohibits the admission of medical opinion evidence in workers' compensation proceedings from anyone other than an authorized treating physician, independent medical examiner (IME), or expert medical advisor (EMA). Claimant responded that the opinions of Drs. Brown and Estes were admissible because the two doctors were authorized by operation of law pursuant to section 440.13(2)(c), which permits an injured employee to obtain so-called "self-help" at an E/C's expense when the E/C "fails to provide initial treatment . . . after request by the injured employee."

The JCC excluded the medical opinions in the depositions, reasoning that because the opinions were not admissible *ab initio*, they could not establish their own admissibility by their content—i.e., the opinions could not "bootstrap" themselves into evidence. And, because without the opinions of Drs. Brown and Estes there was no medical evidence to establish that Claimant's injuries were work-related, the JCC denied the petition seeking compensability and all other benefits sought by Claimant.

3

This appeal follows.

**Analysis**

Section 440.13(5)(e), by its plain language, excludes from workers' compensation proceedings the medical opinions of any doctor (other than IMEs and EMAs) who has not been authorized by the employer/carrier. And section 440.13(2)(c), by its plain language, permits self-help (and thus authorization by operation of law) only "if the initial treatment or care is compensable and medically necessary." Thus, the medical opinions of an unauthorized self-help doctor are not admissible unless and until it is established—by other admissible evidence and medical opinions—that the care rendered by the self-help doctor was compensable and medically necessary. See Miller Elec. Co. v. Oursler, 113 So. 3d 1004, 1009 (Fla. 1st DCA 2013) (explaining that "a claimant seeking . . . to introduce medical opinions ordinarily excluded by section 440.13(5)(e), can establish the factual circumstances of the care at issue with 'fact-purposes only' evidence from the provider of that care, but must also present medical opinions from another source . . . to establish . . . the compensability and medical necessity . . . of the care at issue"); Parodi v. Fla. Contracting Co., 16 So. 3d 958, 962 (Fla. 1st DCA 2009) ("The employee retains the burden . . . to establish that he . . . obtained care that is compensable, reasonable, and medically necessary."). The self-help doctor's opinion that the care was compensable and medically necessary cannot "bootstrap"

4

itself into evidence. See Oursler, 113 So. 3d at 1009 ("A claimant cannot use medical opinion evidence barred by section 440.13(5)(e) to 'bootstrap' itself—or other medical opinions from the same source—into evidence. To permit such bootstrapping would contravene the legislative intent of section 440.13(2)(c) . . . .").

Claimant asserts that this court's prior cases on bootstrapping do not apply here because those cases did not involve the denial of "initial" care. See, e.g., Oursler, supra; Romano v. Trinity Sch. for Children, 43 So. 3d 928 (Fla. 1st DCA 2010); Carmack v. Dep't of Agric., 31 So. 3d 798 (Fla. 1st DCA 2009); Boggs v. USA Water Ski, Inc., 18 So. 3d 610 (Fla. 1st DCA 2009); Parodi, supra. Claimant is correct that, in each of those cases, the employer/carrier involved provided at least some authorized care for some condition, but Claimant is mistaken about the law. The requirements in section 440.13(2)(c) apply equally whether the care rendered by the self-help doctor is "initial" care (as contemplated by the plain language of the statute) or whether it is care obtained after an employer/carrier that initially accepted compensability later denies care requested by the claimant (as in Parodi and the other cases cited above). Indeed, no case has ever suggested—nor could the statute be reasonably construed to mean—that a self-help doctor is authorized by operation of law merely because that doctor provides "initial" treatment or care that he or she believes is compensable.

5

In reaching this conclusion, we have not overlooked Claimant's argument that excluding the self-help doctor's opinions from evidence where, as here, the employer/carrier refused to authorize any treatment or care leaves the employee without a remedy and undermines the self-executing nature of the workers' compensation system. However, we reject this argument because, as the E/C pointed out in its answer brief, there are a number of ways that an employee in Claimant's situation could proceed. For example, the employee could designate the self-help doctor as his or her IME, thereby making the doctor's opinion admissible under section 440.13(5)(e), or the employee could petition for an advance under section 440.20(12) to pay for another doctor who could be designated as an IME that could be used establish the compensability prerequisite for the admission of the self-help doctor's opinions.

## Conclusion

For the reasons stated above, the JCC's order is AFFIRMED.

LEWIS, WETHERELL, and JAY, JJ., CONCUR.