# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-3339
_____

HANSEN AND ADKINS AUTO
TRANSPORT and GALLAGHER
BASSETT SERVICES,

     Appellants,

     v.

JAMES MARTIN,

     Appellee.

_____

On appeal from an order of the Judge of Compensation Claims.
William R. Holley, Judge.

Date of Accident: September 14, 2015.

December 10, 2018

PER CURIAM.

In this workers' compensation case, the Employer and Carrier appeal the Judge of Compensation Claims' order awarding the injured worker retroactive authorization of surgery performed by an unauthorized provider. In the order, the JCC found that the E/C wrongfully denied a recommendation for cervical fusion surgery by an authorized provider. In addition, the order concluded that a different surgical procedure, completed later by an unauthorized provider, was medically necessary to treat the compensable workplace injury. On appeal, the E/C raise issues of causation and

medical necessity. We conclude that the originally recommended surgery was not wrongfully accepted by the JCC. However, we reverse as to the different surgery actually performed by the unauthorized provider in this case, because the JCC relied on inadmissible medical opinion evidence to find the surgery medically necessary.

*Facts*

On September 14, 2015, Claimant sustained a compensable workplace injury to his neck. Although a cervical MRI scan performed soon after the injury revealed significant preexisting degenerative changes, the E/C provided medical care for his neck pain including pain management, injections, and a surgery evaluation by Dr. Ero, an authorized orthopedic surgeon. When Dr. Ero recommended cervical fusion surgery at multiple levels, the E/C obtained an independent medical examiner's opinion that Claimant's workplace injury was a strain/sprain only and was not the major contributing cause of any condition for which the fusion surgery was recommended. Based on this opinion, the E/C denied Dr. Ero's request for authorization of the recommended surgery.

In his initial petition for benefits, Claimant sought authorization of the cervical fusion surgery recommended by Dr. Ero. But before that issue was tried, he went to an unauthorized provider and had a different, less intrusive surgical procedure. Claimant subsequently amended his petition for benefits to include a claim for the surgical procedure that had been performed. Although Claimant eventually abandoned the claim for the recommended cervical fusion surgery, the E/C raised a major contributing cause defense to both claims.

In the order now on appeal, the JCC correctly noted that an injured worker may obtain wrongfully denied medical treatment at the expense of the E/C under the self-help provisions of section 440.13(2)(c), Florida Statutes (2015). *See, e.g.*, *Parodi v. Fla. Contracting Co.*, 16 So. 3d 958, 962 (Fla. 1st DCA 2009) (holding "where section 440.13(2)(c) applies, the [JCC] has the statutory authority to authorize a doctor for care provided during the period of wrongful denial"). In first determining that the E/C here wrongfully denied surgery, the JCC rejected the E/C's causation defense and found that Claimant satisfied his burden of showing

2

that the workplace injury is the major contributing cause of the need for surgery as required by section 440.09(1), Florida Statutes (2015). The JCC then found that the surgery actually performed by the unauthorized self-help provider was sufficiently similar to that recommended by Dr. Ero and was medically necessary to treat the compensable injury.

## *Analysis*

In finding the requisite causation, the JCC determined that the E/C accepted compensability of the whole of Claimant's cervical condition—including the preexisting degenerative changes—by providing benefits and by failing to timely deny compensability for any preexisting condition. The JCC found no evidence of a break in the chain of causation and also expressly accepted Dr. Ero's opinion regarding the major contributing cause. To the extent that the JCC determined that the compensable workplace injury was the major contributing cause of the cervical condition and the need for the surgery recommended by Dr. Ero, we find no reversible error. The record supports the JCC's conclusion that the E/C wrongfully denied the surgery recommended by Dr. Ero.

But Claimant's burden under the self-help provision of section 440.13(2)(c) was to show that surgery he actually received—a different surgery than Dr. Ero recommended—was compensable, reasonable, and medically necessary. *See Parodi*, 16 So. 3d at 962. On this point, he presented no medical testimony concerning the cause and medical necessity of the less invasive surgery received from the unauthorized provider. Dr. Ero expressly testified that he could not state that this surgery was medically necessary. And the JCC only cited evidence of medical necessity based on the medical records from the self-help provider. This was error. Under section 440.13(5)(e), only medical opinions from authorized providers, independent medical examiners, and expert medical advisors are admissible in workers' compensation proceedings. This Court has held that "the medical opinions of an unauthorized self-help doctor are not admissible unless and until it is established—by other admissible evidence and medical opinions—that the care rendered by the self-help doctor was compensable and medically necessary." *Hidden v. Day & Zimmerman*, 202 So. 3d 441, 442-43 (Fla. 1st

DCA 2016) (first citing *Miller Elec. Co. v. Oursler*, 113 So. 3d 1004, 1009 (Fla. 1st DCA 2013); then citing *Parodi*, 16 So. 3d at 962) (holding that a self-help doctor's opinion on compensability and medical necessity cannot "bootstrap" itself into evidence). Here, the JCC appeared to "bootstrap" records of the self-help provider, because no other admissible evidence exists that Claimant's surgery was compensable and medically necessary. Without this evidence, Claimant failed to meet his burden of proof. We must, therefore, reverse the order below.

MAKAR, OSTERHAUS, and JAY, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Barbara K. Case of Barbara K. Case, P.A., North Palm Beach, for Appellants.

Cynthia L. Denker of Harrell & Harrell, P.A., Jacksonville, for Appellee.

4