BENTON, Judge.
Vincent Brown appeals an order entered by the judge of compensation claims awarding him temporary partial disability benefits for the period. May 28, 1996, through June 19,1996, together with penalties and interest in connection with those benefits, but denying other relief he requested. On both factual and legal grounds, he questions the propriety of reducing the award on the basis of deemed earnings of two hundred dollars per week for the period May 28, 1996, through June 19, 1996. Because evidence of record does not justify deeming earnings, we reverse in part. We also direct that the order awarding temporary partial disability benefits for the period May 28, 1996, through June 19, 1996, be modified on remand to require payment, not to Mr. Brown, but for the benefit of his dependents; and reverse the denial of interest and penalties sought for certain earlier periods as to which appellees made voluntary payments. Reading the order under review as denying redundant treatment — but not an independent medical evaluation by Dr. Sudderth, which appellees offered to authorize — we affirm the order in all other respects.
Mr. Brown injured his back in an industrial accident on April 28,1995, lifting planks on a construction site to which he had been assigned as an employee of Nesco Service Company (Nesco), a “labor pool.” As a result, Nesco’s workers’ compensation insurer, Zurich Insurance Company (Zurich), made biweekly temporary total disability benefit payments through June 30, 1995, and thereafter made temporary partial disability benefit payments. Unlike those that preceded it, the last payment was made to the clerk of the court that had entered a child support order against Mr. Brown.
Because it learned Mr. Brown was in jail, Zurich stopped making payments effective May 27, 1996, notwithstanding section 440.15(9), Florida Statutes (1995), which provides that “such compensation as is due such employee shall be paid such dependents during the time he remains such inmate.” Mr. Brown’s testimony that he has two qualifying dependents was uncontroverted. We reject Nesco’s and Zurich’s contention that the claimant lacked standing to assert his five- and nine-year-old dependents’ (derivative) rights to benefits under section 440.15(9), Florida Statutes (1995).
Nesco and Zurich maintain correctly, however, that section 440.15(9), Florida Statutes (1995), dictates that the award for the period May 28, 1996, through June 19, 1996, be paid for the benefit of Mr. Brown’s dependents, rather than for his own benefit. On remand, the order under review should be modified to require that payments for the period May 28, 1996, through June 19, 1996, be made to the clerk of the court that entered the child support order against Mr. Brown, for the benefit of the children.
While section 440.15(4)(a), Florida Statutes (1995), contemplates taking into account the amount “the employee is able to earn” in computing temporary partial disability benefits, the record evidence does not establish that Mr. Brown could have earned anything during the time he spent in jail. There is no evidence that he voluntarily relinquished an opportunity for gainful employment during the period May 28, 1996, through June 19, 1996, or that his ability to *429 earn was greater in any way during that period than the immediately preceding period. Only after his transfer to the Bradenton Restitution Center — which took place long after June 19, 1996 — does the record show that he was “able to earn” money (and did so, in order to make restitution).
Competent substantial evidence supports the finding of the judge of compensation claims that Mr. Brown reached maximum medical improvement before June 19, 1996. Inasmuch as Mr. Brown never sought a continuance of the merits hearing in order to offer other evidence on this question, his speculation about what Dr. Sudderth’s independent medical evaluation might reveal is no basis for overturning the order under review.
Finally, we agree that claimant adequately raised the issue of penalties and interest on five late payments at the hearing, and was under no duty to file a motion for rehearing in order to repeat these efforts. His counsel stated:
But I think we could probably all agree that the pay out sheet being accurate and showing periods of up to one month delay between issuing payments to Mr. Brown to his date of accident will ultimately warrant the award of penalty and interest as due accordingly.
This explicit reference at hearing to record evidence distinguishes the present case from Mezquita v. Florida Steel Corp., 419 So.2d 675 (Fla. 1st DCA 1982), as far as can be told from the opinion in that case, which makes reference only to the prehearing stipulation the parties had filed.
The lateness of payments listed in the “pay out sheet” and specified in appellant’s brief entitle Mr. Brown to an award of interest and penalties. Standards for determining the amount of penalties and interest are discussed in Willette v. Air Products, 700 So.2d 397 (Fla. 1st DCA 1997). On remand here, Mr. Brown should receive only penalties and interest he sought before the judge of compensation claims and argued on appeal that the judge of compensation claims had erred in denying.
The order under review is affirmed in part and reversed in part, and the ease is remanded for further proceedings in accordance with this opinion.
BARFIELD, C.J., and ERVIN, J., concur.