711 So.2d 628 (1998)
CITY OF WEST PALM BEACH FIRE DEPT. and Johns Eastern, Appellants,
v.
Ernie NORMAN, Appellee.
No. 97-1904.
District Court of Appeal of Florida, First District.
May 27, 1998.
*629 Douglas W. Barnes of George, Hartz, Lundeen, Flagg & Fulmer, Fort Lauderdale, for Appellants.
Gerald A. Rosenthal of Rosenthal & Weissman and Randy D. Ellison, West Palm Beach, for Appellee.
PER CURIAM.
The employer/carrier appeal from an order of the judge of compensation claims awarding the claimant temporary partial disability benefits, granting authorization for treatment by a second physician, granting authorization for diagnostic tests, and awarding costs. We affirm the order as to the claims for medical treatment and diagnostic testing and reverse as to the remaining claims.
The claimant suffered two compensable accidents during his employment as a firefighter with the City of West Palm Beach. On June 13, 1990, the claimant injured his left forearm and on November 6, 1993, the claimant injured his right knee. As a result of the knee injury, the claimant retired on a duty disability retirement in July 1994.
A dispute arose regarding the claimant's entitlement to workers' compensation benefits. The claimant filed a petition for benefits seeking: (1) temporary partial disability benefits from August 1, 1994, through the present and continuing; (2) authorization and payment of Dr. Montijo to treat the claimant's left forearm injuries sustained on June 13, 1990; (3) authorization for payment of MRI, EMG and Nerve Conduction studies for the claimant's left forearm as per Dr. Montijo's recommendation; (4) authorization for second opinion and payment of future medical care by Dr. Cooney, orthopedic surgeon for the knee; and, (5) payment of costs. In response the employer/carrier contended that the claimant was at maximum medical improvement for both accidents, that the claimant submitted his wage loss forms late, that the claimant had voluntarily limited his income, that Dr. Montijo is an unauthorized physician with regards to the claimant's forearm injury, and that the diagnostic tests were unnecessary.
The judge of compensation claims found that the claimant was entitled to temporary partial disability benefits from February 4, 1995, through the present and continuing. The judge further found that the claimant had not reached maximum medical improvement for the forearm injury and authorized treatment with Dr. Montijo. Authorization for the diagnostic tests and payment of costs was also granted. Lastly, the judge found that the claimant had not voluntarily limited his income and that the claimant had submitted adequate wage loss forms.
It is well established that the judge of compensation claims determines credibility, resolves conflicts in the evidence, and may accept the testimony of one physician over that of several others. See Curry v. Miami Dolphins, Ltd., 522 So.2d 1010 (Fla. 1st DCA 1988); Days Inn/Days Suites v. Thomas, 623 So.2d 529 (Fla. 1st DCA 1993). Based on these principles, we affirm the decision to require the employer/carrier to pay for medical *630 treatment and further diagnostic testing. The judge of compensation claims was entitled to accept the testimony of Dr. Montijo on this point despite the conflicting testimony of the treating physician, Dr. Kohn.
However, we conclude that the judge erred in finding that the claimant did not voluntarily limit his income. After retiring from the fire department, the claimant started a billiard supply business from his home. He testified that he did not advertise or solicit business. Instead, he relied on past customers to a billiard supply business that he had run part-time while with the fire department. The claimant had no regular customers and did nothing to generate business. He also had no set hours and would simply work when someone called him. Over approximately a year and five months, the claimant earned approximately $5,137.00.
We have previously held that "whether a claimant's effort to establish his own business is bona fide and sufficient to substitute for an adequate job search is a question which is dependent upon the circumstances." Western Union Telegraph Co. v. Perri, 508 So.2d 765, 767 (Fla. 1st DCA 1987). The facts of this case do not support a finding of a bona fide effort by the claimant to establish his own business. See e.g. Edwards v. Caulfield, 560 So.2d 364, 376 (Fla. 1st DCA 1990)(finding that "claimant's earnings of $678 over a seven-month period [was] insufficient to establish a bona fide effort on claimant's part to establish her own business"). Hence, any award of temporary partial disability benefits for the time period of August 1994 through March 1996 must be based on the claimant's deemed earnings pursuant to section 440.15(4)(b), Florida Statutes.
The order contains several other errors. First, the claimant's age is listed as forty years old but he was forty-nine years old at the time of the hearing. Second, the order is internally inconsistent. In one part of the order, the judge awarded temporary partial disability benefits from February 4, 1995, through March 1996 and in another part of the order, the judge awarded these benefits from February 4, 1995, through the present and continuing. This inconsistency must be corrected on remand.
Third, the judge found that the claimant was unable to return to the duties of a firefighter due to the restrictions in the use of his arm and leg. This finding is not supported by competent substantial evidence. The claimant had returned to full duty without restrictions after the injury to his left forearm. According to the evidence in the record, the claimant retired from the fire department solely because of his knee injury.
Fourth, there also is no competent substantial evidence to support the finding that the claimant was unable to find work and submitted substantial wage loss records to support that allegation. The claimant testified that from his retirement in 1994 until he was hired by Snappy Rental Cars in 1996, he never looked for work on a weekly basis. Other than the work he did for his billiard supply business, the claimant testified that from 1994-1996 he only applied for four to five jobs and all of those jobs were provided to the claimant by the employer's job service. The wage loss records do not support the contention that the claimant was unable to find work either. The records simply support his testimony.
Lastly, the judge also erred by failing to rule on all the issues that were ripe for adjudication. See Betancourt v. Sears Roebuck & Co., 693 So.2d 680 (Fla. 1st DCA 1997). The judge failed to rule on the following issues: (1) whether maximum medical improvement had been reached for claimant's knee; (2) the date of injury to which the temporary partial disability benefits applied; and, (3) the defenses raised by the employer/carrier in the pre-trial stipulation.
For these reasons, we affirm the order to the extent that it requires the employer/carrier to provide medical treatment and further medical testing. On all other claims, we reverse and remand for further proceedings consistent with this opinion.
Affirmed in part and reversed in part.
ERVIN, BOOTH and PADOVANO, JJ., concur.