711 So.2d 1373 (1998)
Patricia D'ANDREA,
v.
WAL-MART STORES, INC., and Claims Management, Inc., Appellees.
No. 97-2472.
District Court of Appeal of Florida, First District.
June 17, 1998.
*1374 Clark W. Berry, Fort Myers; Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellant.
Paul L. Westcott of Hurley, Rogner, Miller, Cox & Waranch, P.A., Fort Pierce, for Appellees.
PER CURIAM.
In this appeal from a final workers' compensation order, claimant-appellant asserts that the judge of compensation claims (JCC) erred in 1) deciding that she was at overall maximum medical improvement (MMI) as of June 26, 1996, 2) denying her claim for additional temporary total or partial disability (TTD or TPD) benefits, and 3) denying her claim for interest on the untimely paid benefits. Because the record lacks competent, substantial evidence (CSE) to support the MMI date and the denial of interest on the late payments, we reverse as to those issues, but we affirm the denial of additional TTD or TPD benefits.
Claimant suffered a compensable back injury on February 5, 1996, and her treating physician, Dr. Bakhtian, a neurosurgeon, released her to return to work on June 26, 1996. At the same time, Dr. Bakhtian referred claimant to Dr. Roggow, a physiatrist who examined her on September 5, 1996. Although Dr. Bakhtian's records do not indicate that claimant was at MMI on June 26, 1996, he subsequently testified, from his perspective as a neurosurgeon, that claimant was at MMI as of June 26.
Dr. Bakhtian's testimony cannot support the JCC's finding of a June 26, 1996, MMI date. Reaching MMI from a neurological point of view is not overall MMI, especially since a referral was made to a physiatrist. See, for example, Brown v. Lifetime Florida Steps, 650 So.2d 150 (Fla. 1st DCA 1995), wherein the claimant's neurosurgeon opined that the claimant was at MMI as of May 24, 1993; thereupon she released him from her care and referred him to a physiatrist. When the physiatrist saw the claimant in July 1993, she considered that he was not then at MMI and prescribed physical therapy. The physiatrist subsequently deemed the claimant was at MMI on October 5, 1993. Based on this evidence, our court reversed an order finding MMI as of May 24, 1993, noting that the neurosurgeon had confined her MMI opinion to her specialty, and when her limited opinion was coupled with a contemporaneous referral to a physiatrist, it could not be said that the claimant was at overall MMI as of May 24. The same analysis applies here.
There is, however, clear, explicit evidence of MMI as of September 5, 1996, in the form of Dr. Roggow's deposition, wherein she testified that claimant was at MMI when she first saw her. Because our vantage point is not inferior to that of the JCC in assessing deposition evidence, see McCabe v. Bechtel Power Corp., 510 So.2d 1056, 1059 (Fla. 1st DCA 1987), we direct the JCC on remand to modify his finding of MMI by substituting the date of September 5, 1996, for same.
In reaching our decision, we reject claimant's argument that she is not at overall MMI, based on the testimony of Dr. Frey, a chiropractor who examined her on February 26, 1997. Although Dr. Frey stated that claimant was not at chiropractic MMI at that time, and he recommended chiropractic treatment three times a week for four to six weeks, the JCC refused to accept his opinion because it failed to satisfy the legal standard necessary to preclude an MMI finding. There is CSE to support the JCC's reason for rejecting Dr. Frey's opinion in that Dr. Frey had testified that he did not know that chiropractic treatment would improve claimant's condition, because over a year had passed since the injury; that he only recommended treatment because it had not previously been offered; and that claimant may have been at MMI when he first saw her. The law is clear that the JCC may accept the testimony of one doctor over that of another, and that a JCC may reject unrefuted medical evidence he or she disbelieves provided a reason is given. See Ackley v. General Parcel Serv., 646 So.2d 242, 246 (Fla. 1st DCA 1994); Ullman v. City of Tampa Parks Dep't., 625 So.2d 868, 873 (Fla. 1st DCA 1993) (en banc); Curry v. Miami Dolphins, *1375 Ltd., 522 So.2d 1010, 1011 (Fla. 1st DCA 1988).
We next affirm the denial of the TTD and/or TPD benefits claim. Although Dr. Bakhtian released claimant to work on June 26, 1996, claimant failed to return to or look for work between June 26 and September 5, 1996, when she attained MMI. Although the June 26 MMI date was incorrect, claimant was not automatically entitled to TTD or TPD benefits after June 26, and she failed to satisfy her burden once she was released to work. Moreover, her right to temporary benefits ceased once she attained MMI on September 5, 1996. Under the circumstances, we find no error in the JCC's denial of TTD and/or TPD benefits through September 5, 1996.
Finally, we agree with claimant that the JCC erred in denying interest on the late payment of three installments of temporary benefits. The evidence is unrefuted that the employer and its insurance carrier (E/C) did not pay temporary benefits for the periods from February 27 to March 4, 1996, until April 18, 1996; from May 9-23, 1996, until June 19, 1996; and from February 17 to March 1, 1996, until April 15, 1996. Because the E/C did not pay those benefits within 14 days, interest was due thereon. See §§ 440.20(2) & (8), Fla. Stat. (1995); Watkins v. Resources Property Management, 596 So.2d 763 (Fla. 1st DCA 1992) (on reh'g). Contrary to the JCC's findings, claimant raised the interest claim in each petition for benefits and the pretrial stipulation, and proved the claim by producing the E/C's payment ledger which clearly demonstrated the payments were untimely. See Brown v. Nesco Serv. Co., 701 So.2d 427 (Fla. 1st DCA 1997). We therefore reverse on this point and remand with directions to the JCC to award interest on benefits for the above three periods.
AFFIRMED in part, REVERSED in part, and REMANDED.
ERVIN, BOOTH and VAN NORTWICK, JJ., concur.