WEBSTER, J.
In this workers’ compensation appeal, the claimant argues that the judge of compensation claims erroneously (1) denied his claim for temporary partial disability benefits and (2) appointed an expert medical advisor despite an untimely request. The employer and servicing agent cross-appeal an award of remedial chiropractic care. We are satisfied that the judge of compensation claims correctly applied the applicable law to the claim for temporary partial disability benefits, and that the findings are supported by competent, substantial evidence. We are similarly satisfied that the appointment of the expert medical ad-visor did not constitute a clear abuse of discretion. Accordingly, we affirm as to the issues raised by the claimant. However, because it appeals that the decision to award remedial chiropractic care was predicated upon an erroneous understanding of the applicable law, we reverse as to the cross-appeal, and remand for further proceedings.
Dr. Lenhart, who was both a medical doctor and a chiropractor, testified by deposition that he did not believe that the claimant had yet reached maximum medical improvement, and that he might benefit from further chiropractic treatment. Dr. Torres-Ramos, a physiatrist and the claimant’s treating physician, testified by deposition that the claimant had reached maximum medical improvement, and that chiropractic treatment would not be helpful. Dr. Lox, who was also a physiatrist, submitted a report, as the expert medical advisor, in which he, too, opined that the claimant had reached maximum medical improvement, and that only palliative care would be appropriate.
The judge of compensation claims refused to consider the opinions of Drs. Torres-Ramos and Lox in reaching a decision regarding the claim for chiropractic treatment. It appears from the order that the judge believed those opinions to be legally incompetent as to that issue because there was nothing to suggest that either doctor was qualified to render opinions regarding the need for such treatment. This was error. The claimant’s attorney did not objeet to either doctor’s testimony on that basis at the time it was offered into evidence. Absent such an objection, the judge should have assumed that there was no challenge to either doctor’s qualifications to render opinions relevant to that issue. See Clair v. Glades County Bd. of Comm’rs, 649 So.2d 224 (Fla.1995). Because it is apparent that the judge did not believe that such evidence could be considered, we reverse and remand. On remand, the judge shall reconsider the issue of chiropractic treatment, giving the opinions of Drs. Torres-Ramos and Lox such weight as she thinks they deserve. See generally West Palm Beach Fire Dep’t v. Norman, 711 So.2d 628 (Fla. 1st DCA 1998) (it is the province of the judge of compensation claims, as the trier of fact, to determine the credibility of witnesses, including experts, and to resolve evidentiary conflicts).
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
ERVIN and WOLF, JJ., CONCUR.