VAN NORTWICK, J.
In this workers’ compensation appeal, Yvonne L. Loyed, the claimant below, appeals an order of the Judge of Compensation Claims (JCC) denying her claim for permanent total disability benefits. Claimant contends that she suffers from a totally disabling psychiatric condition, the major contributing cause of which was her *732 industrial accident. Because competent, substantial evidence supports the JCC’s findings, we affirm.
Claimant, a custodian at a public school, suffered pre-existing back problems as well as severe depression before she injured her back at work on March 13, 1995. Dr. Seolaro, claimant’s treating physician, opined that claimant’s accident had aggravated her pre-existing back condition, but had not worsened it. Dr. Newman, a neurologist, opined that claimant suffered no permanent injury as a result of her industrial accident and found that she exaggerated her complaints and symptoms. Dr. Martinez, a neurologist, stated that claimant’s neurological and orthopedic examinations and the electromyography examination of both legs were all normal. He concluded that she was capable of full-time regular work with no restrictions.
The claimant’s treating psychiatrist, Dr. McClane, reported on June 19, 1996 that approximately half of claimant’s psychiatric symptoms are derived from her accident and its aftermath of chronic pain and about half from pre-existing stress sources, primarily the death and health problems of family members. At the final hearing, Dr. McClane opined that within a reasonable medical certainty claimant’s accident was the major contributing cause of her psychiatric impairment. There was no other admissible medical expert evidence concerning whether a causal connection existed between claimant’s accident and her psychiatric impairment.
Based upon the totality of the evidence, including the medical evidence and the candor and demeanor of the claimant, the JCC concluded that claimant had not suffered a permanent physical or psychiatric injury as a result of the industrial accident. Noting claimant’s medical history, which demonstrated she had suffered recurrent bouts of depression prior to her industrial accident, the JCC rejected Dr. McClane’s testimony as being unsupported by, and contradictory to, the weight of the other medical and non-medical evidence.
The causal connection between the industrial accident and claimant’s injury or disability must be established by a “reasonable degree of medical certainty.” § 440.09(1), Fla. Stat. (1995). The determination of the required causal connection between the workplace accident and the injury, however, is a judicial function. “The law is clear that the JCC may accept the testimony of one doctor over another, and that a JCC may reject unrefuted medical evidence he or she disbelieves provided a reason is given.” D’Andrea v. Wal-Mart Stores, Inc., 711 So.2d 1373, 1374-75 (Fla. 1st DCA 1998) (citations omitted); see also Ullman v. City of Tampa Parks Dep’t, 625 So.2d 868, 873 (Fla. 1st DCA 1993)(en banc). Further, although expert medical testimony has an important role in establishing whether the industrial accident was “the major contributing cause” of the claimant’s disability, see section 440.09(l)(b), Florida Statutes (1995); Closet Maid v. Sykes, 763 So.2d 377, 383 (Fla. 1st DCA 2000)(en banc), the determination of major contributing cause is a factual determination for the JCC to make based upon both medical and lay evidence in the record. See Closet Maid, 763 So.2d at 383. A finding as to whether the workplace accident was a major contributing cause of the claimant’s injury must be affirmed if the record contains competent substantial evidence supporting the finding. Id.
Here, competent, substantial evidence supports the JCC’s findings. Accordingly, we AFFIRM.
BOOTH AND BENTON, JJ., CONCUR.