ON MOTION FOR REHEARING AND/OR REHEARING EN BANC AND/OR CERTIFICATION OF QUESTION OF GREAT PUBLIC IMPORTANCE
BROWNING, J.
This cause is before us on Appellees’ Motion for Rehearing and/or Rehearing En Banc and/or Certification of Question of Great Public Importance. We deny Ap-pellees’ motion for rehearing, but for purposes of clarification, withdraw our former opinion and substitute the following in lieu thereof.
Appellant appeals the order of .the Judge of Compensation Claims (JCC) which held Appellant’s 1990 knee injury, to the exclusion of his 1997 back injury, was the major contributing cause of his disability, and computing his average weekly wage (AWW) as of the 1990 injury. Appellant argues the JCC’s findings are not supported by competent, substantial evidence. Appellees argue the JCC’s findings are supported by competent, substantial evidence and, because the JCC’s determination was not based on an issue of law but one of fact, the JCC should be affirmed. We agree with Appellant and reverse.
The parties stipulated as to Appellant’s AWW based upon both his 1990 knee injury and his 1997 back injury. The parties further stipulated the only issue before the JCC was whether Appellant’s AWW benefits were based on the correct injury.
“The causal connection between the industrial accident and the claimant’s injury or disability must be established by a ‘reasonable degree of medical certainty.’ ” Loyed v. Hillsborough County Sch. Bd., 765 So.2d 731, 732 (Fla. 1st DCA 2000). “[T]he determination of major contributing cause is a factual determination for the JCC to make based upon both medical and. lay evidence in the record.” Id.; see also Closet Maid v. Sykes, 763 So.2d 377, 382-383 (Fla. 1st DCA 2000) (en banc). “[T]he JCC may accept the testimony of one doctor over another, and may reject unrefuted medical evidence he or she disbelieves provided a reason is given.” Loyed, 765 So.2d at 732, quoting D’Andrea v. Wal-Mart Stores, Inc., 711 So.2d 1373, 1374-1375 (Fla. 1st DCA 1998). Lay testimony, although insufficient to establish a *584 causal connection as to conditions and symptoms not readily observable, has probative value in establishing the sequence of events, pain, inability to work, and other factors within the actual knowledge of the claimant. McCall v. Dick Burns, Inc., 408 So.2d 787, 792 (Fla. 1st DCA 1982).
Here, the record contains no evidence that Appellant’s 1990. knee injury, to the exclusion of his 1997 back injury, was the sole cause of his disability. Dr. Balis, a neurosurgeon, was the only physician to testify, and his testimony was provided to the JCC by deposition. Dr. Balis’ unrefut-ed testimony was that Appellant’s back injury was the major contributing cause of his current condition and back pain; was a “severe incapacitating problem! ]”; aggravated or accelerated his disability; and alone warranted sedentary work restrictions. While the JCC is permitted to reject unrefuted medical testimony he disbelieves, he must give a reason. Loyed, 765 So.2d at 732. The JCC not only failed to give a reason for rejecting Dr. Balis’ unre-futed testimony, he failed to mention the testimony altogether. Moreover, Appellant testified that, although his back hurt “all the time,” he was “stopped” by his knee because he could not walk, and if his knee had not worsened, his back injury .would'have-prevented him from doing the same work because it required heavy lifting and was too painful.
The only evidence upon which the JCC appears to have relied in reaching his conclusion that the 1990 knee injury alone caused Appellant’s disability was that Appellant did not miss work following his 1997 back injury, and did not return to work following his 1999 knee surgery. However, the record also indicates that, other than postoperative recovery times, Appellant did not miss work because of his knee surgeries in 1990 and 1995. Moreover, continuing to work, though in' constant pain following an injury, does not preclude compensation for disability when pain forces cessation of work. Underwood v. Terminal-Frouge Builders, 128 So.2d 605, 607-608 (Fla.1961). Thus, the fact that Appellant did not miss work following the, 1997 injury does not, alone, provide competent, substantial evidence that the 1997 injury did not contribute to his overall disability.
The uncontroverted evidence establishes Appellant’s disability resulted from' his back injury, as well as his knee injury. Because the record contains no competent, substantial evidence to support the JCC’s finding that the sole cause of Appellant’s disability was his 1990 knee injury, we REVERSE and REMAND for an AWW ■award based upon the amount stipulated by the parties for Appellant’s 1997 back injury as the major contributing cause of his disability.
REVERSED and REMANDED.
ERVIN and VAN NORTWICK, JJ„ concur.