PER CURIAM.
Appellant appeals the Judge of Compensation Claims’ (“JCC”) denial of his motion requesting employer/carrier’s payment of his attorney’s fees, pursuant to sections 440.34(3)(a) and (b), Florida Statutes (1993). We affirm the JCC’s denial of appellant’s petition for attorney’s fees under section 440.34(3)(a) without further comment.
However, because the JCC failed to rule on whether claimant is entitled to attorney’s fees under section dJORJ^Xb),[1] we reverse. We have ruled that:
In cases in which the JCC fails to enter a ruling on a fully tried issue that is ripe for adjudication and does not reserve jurisdiction on the issue, this court will consider the absence of a ruling to constitute a denial of the claim only for jurisdictional purposes, and the order will, therefore, be deemed final and ap-pealable. As to the merits in such cases, this court will continue to consider the JCC’s failure to rule reversible error based on the JCC’s noncompliance with the duty to adjudicate all issues that are ripe for adjudication.
Betancourt v. Sears Roebuck & Co., 693 So.2d 680, 682 (Fla. 1st DCA 1997) (en banc); see also City of West Palm Beach Fire Dep’t v. Norman, 711 So.2d 628, 630 (Fla. 1st DCA 1998). We remand to the JCC for a determination of appellant’s entitlement to attorney’s fees under section 440.34(3)(b), Florida Statutes (1993).
AFFIRMED in part; REVERSED in part and REMANDED with directions.
ALLEN, VAN NORTWICK and POLSTON, JJ., concur.

. Section 440.34(3)(b) allows a claimant to recover attorney's fees from the employer/carrier ''[i]n any case in which the employer or carrier fails or refuses to pay a claim filed with the division which meets the require-merits of s. 440.19(l)(e) on or before the 21st day after receiving notice of the claim, and the injured person has employed an attorney in the successful prosecution of his claim.''