HAWKES, C.J.
 

 Claimant seeks reversal of an order of the Judge of Compensation Claims (JCC) arguing the JCC abused her discretion by rejecting the opinion of an authorized orthopedist. We disagree, and affirm.
 

 In this case, two differing medical opinions were submitted to the JCC regarding the major contributing cause (MCC) of Claimant’s knee injury. Claimant’s treating orthopedist opined the MCC of Claimant’s knee injury was her workplace accident. The employer/carrier (E/C) obtained an independent medical examiner (IME) who originally agreed with Claimant’s orthopedist, but changed his opinion after reviewing medical records that clearly demonstrated a prior problem with the knee. Because the records were inconsistent with the history Claimant provided, the IME ultimately opined the evidence was too inconclusive for him to render an opinion on MCC within a reasonable degree of medical certainty.
 

 The JCC rejected the opinion of Claimant’s treating physician, as was her prerogative,
 
 see City of West Palm Beach Fire Department v. Norman,
 
 711 So.2d 628, 629 (Fla. 1st DCA 1998), and denied compensability of the knee condition. Claimant contends, however, the reasons provided by the JCC for rejecting the “uncontroverted” medical opinion of the treating physician were unreasonable and, thus, impermissible.
 

 We note that a JCC may reject evidence, even uncontroverted testimony, which he does not believe.
 
 See Ullman v.
 
 
 *994
 

 City of Tampa Parks Dep’t,
 
 625 So.2d 868, 873 (Fla. 1st DCA 1993) (en banc). Nevertheless, here, we disagree with Claimant’s premise that the opinion of the treating physician was uncontroverted. Although the E/C’s IME did not contradict the treating physician’s opinion to the extent that a more preponderant cause of Claimant’s knee injury was identified, the IME’s opinion did establish a medical foundation for questioning the medical validity or weight of the treating doctor’s opinion.
 

 Here, the JCC, after reviewing the entirety of the evidence, was simply not persuaded that, within a reasonable degree of medical certainty, the MCC of Claimant’s knee injury was the workplace accident. This finding is supported by record evidence. Under such facts, the JCC was not required to provide a reason for rejecting the opinion of the treating physician, other than to state that the opinion of the treating physician was not sufficiently persuasive.
 
 See Mitchell v. XO Commc’ns,
 
 966 So.2d 489, 490 (Fla. 1st DCA 2007) (stating claimant must present evidence JCC finds persuasive);
 
 see also Socolow v. Flanigans Enters.,
 
 877 So.2d 742, 743 (Fla. 1st DCA 2004) (“To uphold an order granting or denying workers’ compensation benefits, a reviewing tribunal need only determine that the record contains competent substantial evidence supporting the JCC’s conclusion; the JCC is not required to explain why he or she disregarded contradictory evidence.”);
 
 Chavarria v. Selugal Clothing, Inc.,
 
 840 So.2d 1071, 1078-79 (Fla. 1st DCA 2003) (en banc) (stating the JCC need not explain precisely why he accepts testimony of one witness and rejects another as long as it does not appear he ignored or overlooked contrary testimony).
 

 In a workers’ compensation proceeding, the JCC is the finder of fact, who, like the juries of this state, is given broad fact-finding powers. A fact-finder may accept or reject an expert’s testimony, or give it the weight deserved considering the knowledge, skill, experience, training, or education of the witness, the reasons given by the witness for the opinion expressed, and all other evidence in the case.
 

 Based on the record before us, we find no error in the JCC’s rejection of the opinion of Claimant’s treating orthopedist and AFFIRM the order on appeal.
 

 LEWIS and THOMAS, JJ„ concur.