PER CURIAM.
 

 In this workers’ compensation appeal, the employer/earrier (E/C) seeks reversal of an order of the Judge of Compensation Claims (JCC) which denies its misrepresentation defense, and awards hearing aids and an orthopedic evaluation. The E/C raises four issues. We reverse only as to the award of hearing aids and the award of attorney’s fees pertaining thereto. We affirm the remaining points on appeal without discussion.
 

 Here, Claimant’s authorized treating otolaryngologist initially recom
 
 *396
 
 mended hearing aids, but testified she changed her opinion as to the cause of Claimant’s hearing loss based on self-described symptoms that Claimant had previously reported to her allergist. The JCC rejected the treating physician’s opinion regarding the pre-existing nature of Claimant’s hearing loss because it was based on assumptions which were found to be faulty and not borne out by medical evidence. The JCC has the prerogative to reject the treating physician’s opinion regarding the preexisting nature of Claimant’s hearing loss.
 
 See, e.g., White v. Bass Pro Outdoor World, LP,
 
 16 So.3d 992, 993-94 (Fla. 1st DCA 2009) (stating a JCC has the prerogative to reject even uncon-troverted testimony which is unpersuasive). Nevertheless, the JCC’s mere rejection of this testimony did not, ipso facto, establish the requisite causal relationship between Claimant’s accident and her hearing loss. Rather, Claimant had to introduce medical evidence proving that, within a reasonable degree of medical certainty, her hearing loss was causally related to her compensable accident.
 
 See
 
 § 440.09(1), Fla. Stat. (2007). Although Claimant’s counsel attempted to obtain such evidence by posing appropriate hypothetical questions to the treating otolaryn-gologist, the doctor was unwilling to make any concessions which might have served as a sufficient evidentiary basis for this court’s affirmance of the award of hearing aids. Because no other qualified expert testified on the cause of Claimant’s hearing loss, we REVERSE the award of hearing aids and attorneys fees pertaining thereto, and AFFIRM the remainder of the order in all other respects.
 

 HAWKES, C.J., KAHN and WEBSTER, JJ„ concur.