PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying temporary total disability (TTD) benefits, denying temporary partial disability (TPD) benefits from the date of accident until her visit with an independent medical examiner (IME), and awarding TPD benefits from the IME visit through the date of the final hearing. For the reasons below, we reverse and remand.
The sole medical evidence of work restrictions is from Claimant’s IME, who testified Claimant “should remain tempo-rar[il]y totally disabled and off work,” based on the closed head injury [and] also based on her neck and back injuries,” “from the date of accident through the date, at least until the date [he] saw [Claimant],” and “continuing] until she actually receives medical care.” The JCC’s justification for denying TPD benefits for the period preceding the IME visit was his finding that there was no medical evidence of work restrictions for that period.
This finding was apparently based, at least in part, on the JCC’s rejection of Claimant’s testimony that she was informed by the emergency room doctor she saw on the date of accident that she could not return to work. The JCC rejected this testimony in part because the emergency room records contained no work restrictions, and in part because the JCC found Claimant’s ability to accurately relate her medical history was, at times, poor. Another factor that apparently played a role in the JCC’s finding was the fact that the *1237 IME did not review the emergency room records and his agreement with the emergency room doctor that she should not have returned to work at the time. Because the JCC found that testimony was not credible and, apparently under the impression that Claimant’s testimony was the only evidence of disability from the date of accident until her visit with the IME, the JCC also found that there was no evidence of disability at all for that time period. Although it was the JCC’s prerogative to reject all or part of Claimant’s testimony, the JCC apparently either overlooked the IME’s above-quoted testimony, or erroneously concluded that, as a matter of law, a doctor cannot impose work restrictions retroactively. Although the IME testified that he agreed with what Claimant told him were the emergency room doctor’s instructions not to return to work, instructions the JCC determined were never actually given, the IME also expressly testified that it was his opinion that, given the nature of her injuries, Claimant was in a TTD status from the date of accident forward. See § 90.702, Fla. Stat. (2010) (allowing experts to offer opinion on matters in dispute); cf. Charles v. Suwannee Swifty, 622 So.2d 114 (Fla. 1st DCA 1993) (acknowledging possibility of “retrospective [medical] testimony that claimant could have worked during” the period for which TTD benefits were sought). Ultimately, however, the TPD issue may be moot given the following TTD issue.
The JCC’s justification for denying TTD benefits was his finding that Claimant’s headaches had resolved by the time of the final hearing. Although Claimant did testify her headaches had resolved, the JCC’s ruling ignores that the IME’s restrictions were “also based on her neck and back injuries.” The JCC apparently concluded, from testimony of the IME that he did not “recommend” Claimant take a job involving heavy lifting, that Claimant in fact was capable of sedentary work but for her head injury. Such an interpretation discounts the context of that testimony, which concerned Claimant’s desire to work, rather than her abilities: Claimant “seemed very sincere in the desire to continue to work, although she states that it would [be] along the lines of a sit-down type job; she did not feel that she was capable of doing stressful heavy lifting type work nor did I recommend that.”
For these reasons, the JCC erred in rejecting the IME’s unrefuted medical testimony that Claimant should remain off-work from the date of accident until she receives medical care. See Vadala v. Polk County Sch. Bd., 822 So.2d 582, 584 (Fla. 1st DCA 2002) (holding that JCC may reject unrefuted medical testimony but must give a legally valid reason). It follows that this case should be REVERSED and REMANDED for further proceedings consistent with this opinion.
WOLF, THOMAS, and CLARK, JJ., concur.