PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) denying benefits, including claims for an evaluation by a cardiologist, and for permanent total disability (PTD) benefits. We reverse both of these rulings, for the reasons set forth herein.
In denying the cardiologist evaluation, the JCC found “[t]he only evidence of the need for an evaluation by a cardiologist comes in a note from an authorized physician in 2006,” and “[tjhere is no current medical evidence” of the need. This reasoning was erroneous because no legal authority indicates a recommendation or referral from an authorized doctor can become stale in the absence of a change in Claimant’s condition that would affect the need for the recommended benefit.
In denying PTD benefits, the JCC accepted the medical opinions of the Employer/Carrier’s (E/C’s) independent medical examiner, Dr. Easterling, that Claimant was not at maximum medical improvement and Claimant’s restriction on lifting — to below-sedentary duty — was only for the right hand, over the medical opinion of Claimant’s medical witness, Dr. Kleinhans, that Claimant was at maximum medical improvement with below-sedentary lifting restrictions not limited to a single hand. The JCC also accepted the opinions of the E/C’s vocational expert, which were based on Dr. Easterling’s opinion.
Accepting Dr. Easterling’s opinion here was error because the E/C never authenticated Dr. Easterling’s medical records. Contrary to the E/C’s argument below and on appeal, the exception to authentication provided by section 440.29(4), Florida Statutes, does not apply to independent medical examinations. Cf. Tutor Time Child Care/Learning Ctrs. v. Patterson, 91 So.3d 264 (Fla. 1st DCA 2012) (explaining purpose of business records exception for medical reports concerning workers’ compensation claims). Because Dr. Easter-ling’s medical records should have been excluded, the vocational expert’s opinions based thereon should also have been excluded. We decline to give the E/C a second chance to authenticate such evidence. See generally Morton’s of Chicago, Inc. v. Lira, 48 So.3d 76, 80 (Fla. 1st DCA 2010) (declining to give party “extra bite of the apple” or “extra inning” to present evidence on remand). Accordingly, we reverse the challenged portions of the order, and remand with instructions to the JCC to enter a final order awarding, not only the benefits unchallenged on appeal, but *1170 also the recommended evaluation with a cardiologist, and PTD benefits based on the uncontroverted opinions of Dr. Klein-hans unless the JCC finds the opinions unpersuasive. See White v. Bass Pro Outdoor World, LP, 16 So.3d 992, 993 (Fla. 1st DCA 2009).
REVERSED and REMANDED with instructions.
MARSTILLER, RAY, and SWANSON, JJ., concur.