PER CURIAM.
The Employer/Carrier (E/C) appeals an order of the Judge of Compensation Claims (JCC) awarding workers’ compensation benefits to Claimant. The E/C raises three issues on appeal, only one of which merits discussion.
We affirm the first two issues raised by the E/C which relate to the JCC’s lack of findings regarding the.major contributing cause of Claimant’s disability and need for medical treatment, and the sufficiency of the evidence supporting the award of temporary partial disability (TPD) benefits from May 11, 2011, and thereafter. We write to address the E/C’s third issue: Whether the record supports the award of TPD benefits from April 25, 2011, through May 10, 2011.
Although medical testimony establishes Claimant’s physical restrictions as of May 11, 2011, and thereafter, no medical evidence establishes Claimant’s medical work restrictions prior to May 11, 2011; nor was the doctor whose opinions were accepted by the JCC asked questions regarding Claimant’s restrictions prior to May 11, 2011. Cf. Feacher v. Total Employee Leasing/Guarantee Ins. Co., 61 So.3d 1236 (Fla. 1st DCA 2011) (holding award of TPD is supported where independent medical examiner testified claimant should have remained off-work from date of accident); Kenney v. Juno Fire Control Dist., 506 So.2d 449 (Fla. 1st DCA 1987) (reversing denial of temporary indemnity benefits where medical evidence retroactively confirmed claimant’s testimony as to her disability); Evans v. Orlando Work Force, 449 So.2d 992 (Fla. 1st DCA 1984) (reversing denial of temporary indemnity benefits where medical testimony retroactively corroborated claimant’s complaints of pain).
Accordingly, the JCC erred in awarding TPD benefits from April 25, 2011, through May 10, 2011. For the foregoing reasons, the order on appeal is AFFIRMED in part, REVERSED in part, and RE *798 MANDED for entry of an order consistent with this opinion.
BENTON, C.J., DAVIS and ROBERTS, JJ., concur.