PER CURIAM.
In this workers’ compensation case, Claimant appeals an order of the Judge of Compensation Claims (JCC) and argues 1) the JCC erred by denying her claim for permanent impairment income benefits based on her psychiatric condition; 2) the JCC abused her discretion in denying Claimant’s motion to reopen the record to allow supplemental post-hearing evidence concerning the extent of Claimant’s permanent impairment rating (PIR) for her cervical injuries; and 3) the JCC erred by denying penalties, interest, costs, and attorney’s fees. Because Claimant has failed to demonstrate the JCC abused her discretion by denying Claimant’s motion to reopen the evidence to allow post-hearing evidence concerning Claimant’s PIR for her cervical injuries, we affirm Claimant’s second issue on appeal without further comment. However, because the JCC erred by denying Claimant permanent impairment income benefits based on her psychiatric condition, we reverse Claimant’s first issue on appeal, along with the associated denial of penalties, interest, costs, and attorney’s fees, as argued in issue three.
BACKGROUND
On March 24, 2010, Claimant was referred to Dr. Norman Guthrie, a psychiatrist, following complaints of emotional problems. Dr. Guthrie diagnosed Claimant with recurrent major depression as a result of her compensable injury. On February 28, 2011, Dr. Guthrie placed Claimant at maximum medical improvement (MMI) with a Wo PIR. Notwithstanding the Wo PIR, Dr. Guthrie opined that Claimant needed follow-up every two to three months with medication and support *310 ive therapy in order to maintain the improvement she had achieved. Accordingly, Claimant continued to see Dr. Guthrie every two to three months.
On October 21, 2011, Claimant filed a petition for benefits (PFB) seeking payment of impairment benefits for her psychiatric condition. The Employer/Carrier (E/C) contested the claim on the basis that Claimant was not entitled to impairment benefits for any psychiatric condition as Dr. Guthrie had assigned a 0% psychiatric PIR.
On December 13, 2011, Claimant underwent a psychiatric independent medical examination (IME) with Dr. Ramon Martinez (Claimant’s IME) who diagnosed Claimant with recurrent major depressive disorder. Dr. Martinez attributed this episode of depression to Claimant’s industrial injury and opined Claimant’s PIR was approximately 6% from a psychiatric standpoint.
On March 30, 2012, Claimant underwent a psychiatric IME with Dr. Kirti Pandya (E/C’s IME), who agreed that Claimant suffered from recurrent major depression that was moderate and in remission. He opined that Claimant had a 0% PIR as a result of her compensable psychiatric condition.
At a merit hearing on the matter, Claimant relied upon Dr. Martinez’s 6% PIR from a psychiatric standpoint. The E/C relied on Dr. Guthrie, who testified that a rating is appropriate when a patient has a problem with thinking, intelligence, perception, judgment, affect, or behavior, and that Claimant did not exhibit any problems in these areas. All three physicians agreed, though, that if Claimant were to stop taking her psychiatric medication, her psychiatric condition would decompensate.
In the order on appeal, the JCC accepted the medical opinions of Drs. Guthrie and Pandya over those of Dr. Martinez, and found that Claimant had a 0% PIR from a psychiatric standpoint. Regarding Claimant’s reliance upon medication to maintain psychiatric functionality, the JCC found, “[Dr. Guthrie] testified that she did require maintenance treatment with medications as she has now experienced three depressive episodes, but that this use of ongoing medication was not a factor in determining impairment.”
In her motion for rehearing, Claimant argued “the finding of zero percent (0%) [PIR] relative to Claimant’s psychiatric injury is inconsistent with the Claimant’s obvious deficit documented by all three psychiatrists relative to the current mental functioning. Under Axis V, Dr. Guthrie and Dr. Pandya both document dysfunction due to Claimant’s level of major depression.” After the JCC denied rehearing, this appeal followed.
ANALYSIS
A JCC has the discretion to accept the opinion of one physician over that of another. White v. Bass Pro Outdoor World LP, 16 So.3d 992 (Fla. 1st DCA 2009). However, a JCC’s reliance on a physician’s opinion must be warranted by the substance of that medical testimony and not merely by the doctor’s conclusion. Tucker v. Agrico Chemical, 476 So.2d 729 (Fla. 1st DCA 1985). Here, the JCC found that Dr. Guthrie testified that Claimant’s use of medication had no effect on the issue of impairment. We find no record support for this finding. To the extent the JCC through this finding was expressing a conclusion that a PIR cannot be assigned where the use of medications abates the symptoms or manifestations of an otherwise permanent condition, this was error as a matter of law.
Pursuant to the 1996 Florida Uniform Permanent Impairment Rating Schedule (the Guides), when evaluating *311 mental impairments, “Attention must be given to the effect of medication on the individual’s signs, symptoms, and ability to function.” Although the interpretation of the appropriate impairment rating under the Guides is primarily a medical question, in relying on Dr. Guthrie’s opinion that Claimant had suffered no permanent impairment, which, in turn, did not give consideration to the effect of Claimant’s medication required to maintain her psychiatric condition, the JCC failed to take into proper account the provisions of section 440.15(3)(b) and (c), Florida Statutes (2008), requiring that “[a]ll impairment income benefits shall be based on an impairment rating using the impairment schedule.” As this court noted in Paradise Fruit Co. v. Floyd, 425 So.2d 9, 10 (Fla. 1st DCA 1982), when the Guides cover a particular injury, they must generally be used. Because the unrebutted medical testimony is that Claimant would be at severe risk of decompensating if Claimant were to stop taking her psychiatric medication, the Guides indicate that Claimant has a PIR of 1% (the maximum permitted for psychiatric conditions in a workers’ compensation case) — which requires evidence of a slight deficit, reduction, or problem with mental functioning. Because the finding of a 0% PIR, based upon Dr. Guthrie’s opinion, is not grounded on a correct application of the relevant law, and further because no reasonable view supports a finding that Claimant suffered no permanent impairment, the 0% PIR must be reversed and the case remanded with directions that a 1% PIR be imposed consistent with the Guides.
REVERSED and REMANDED.
BENTON, C.J., WOLF, and SWANSON, JJ„ concur.