PER CURIAM.
This is the second time this workers’ compensation case has come before this court. In Young v. American Airlines & Sedgwick, 100 So.3d 1168, 1170 (Fla. 1st DCA 2012), we reversed an order of the Judge of Compensation Claims (JCC), which denied Claimant’s petition for permanent total disability (PTD) benefits, based on our conclusion that the JCC erred in admitting and relying upon an unauthenticated report from the Employer/Carrier’s independent medical examiner. Id. at 1169. We then remanded with instructions to the JCC to enter a final order awarding PTD benefits based on the uncontroverted opinions of Dr. Kleinhaus unless the JCC found the opinions unpersuasive. On remand, the JCC rejected Dr. Kleinhaus’s opinions because he “was not persuaded” by same. In doing so, however, the JCC provided no additional factual or legal reasons for the rejection of Dr. Kleinhaus’s uncontested expert opinions regarding Claimant’s status as having reached maximum medical improvement and his permanent work restrictions.
In this appeal, Claimant argues the JCC erred by rejecting Dr. Kleinhaus’s uncon-troverted medical opinions because no legally valid basis for such rejection was provided by the JCC; we agree. We conclude that the JCC erred by failing to provide a valid reason for rejecting the unrefuted medical opinions based on find *273 ings such as flawed medical history, inherent illogic or incredibility, or any other reasonable basis for finding Dr. Klein-haus’s opinions unreliable or unworthy of belief. Wald v. Grainger, 64 So.3d 1201 (Fla.2011); see also Feacher v. Total Emp. Leasing/Guarantee Ins. Co., 61 So.3d 1236, 1237 (Fla. 1st DCA 2011) citing Vadala v. Polk Cnty. Sch. Bd., 822 So.2d 582, 584 (Fla. 1st DCA 2002) (holding that JCC may reject unrefuted medical testimony but must give legally valid reason). Accordingly, we reverse the order below in its entirety and remand with instructions for entry of a final order awarding PTD benefits along with the applicable penalties, interest, attorney’s fees, and costs.
WOLF, VAN NORTWICK, and CLARK, JJ., concur.