MARSTILLER, J.
In this workers’ compensation appeal, Jesus Trejo-Perez (“Claimant”) challenges the denial of his request for referral to a Spanish-speaking psychologist as recommended by his authorized treating physician. He argues the Judge of Compensation Claims (“JCC”) erred by denying the request despite unrebutted medical testimony that a Spanish-speaking psychologist is medically necessary. Because the JCC, on this record, permissibly rejected the testimony as insufficient to establish medical necessity, we affirm the order on appeal.
Claimant suffered a closed head injury, among other injuries, when he fell from a ladder — a 30- to 40-foot drop — while working for a roofing company. The Employer/Carrier (“E/C”) accepted the accident and injuries as compensable and authorized treatment from several doctors, including Dr. Angelo Alves, a neurologist. Dr. Alves recommended that Claimant undergo neuropsychological evaluation with a Spanish-speaking psychologist. Claimant’s primary language is Spanish; it is unclear whether, and to what extent, he understands and can communicate in English. The E/C selected and authorized a psychiatrist, Dr. Forman, to perform the recommended evaluation, and made a translator available for any office visits. Claimant refused to attend the first scheduled visit, and subsequently filed a petition for benefits seeking, inter alia, authorization for a Spanish-speaking neuropsychologist.
*222 The medical testimony at issue is that of Dr. Alves. He testified by deposition about Claimant’s physical injuries and the effects of his head injury. Dr. Alves saw Claimant three times; his patient notes were entered into evidence. They stated, in pertinent part:
[October 11, 2012]
[Claimant] needs to be evaluated further with a “Neuropsychological Evaluation” regarding his memory and cognition, as well as his emotional state, with particular attention to the PTSD.... [H]e needs to have the neuropsychological evaluation first with a Spanish-speaking neuropsychologist, and then, based on that, he needs cognitive and behavioral therapy.
[November 26, 2012]
The interview was conducted in both Spanish and English, because he does not really understand a lot of English. He needs to have a neuropsychological evaluation done by a Spanish speaking psychologist, and I think there is more than one in Tampa that could do the job for him.
[February 19, 2013]
He still does not understand any English, but his wife who speaks fairly good English, served as an interpreter, although I was able to communicate with him directly in Spanish, as I usually do.... I still think that he needs to have that neuropsychological evaluation, in detail with a Spanish speaking psychologist, and this is a must in this case so that he can exactly evaluate the degree of memory and cognitive impairments that he has.
When told that the E/C had made a translator available for Claimant’s psychiatric evaluation with Dr. Forman, Dr. Alves responded:
A. You know, it is not the same. You know why?
Q. Okay.
A. Because you could get the wrong information. You have to communicate with the patient. Psychiatric interview is very important. The same way I requested a neuropsychological evaluation as well to document the areas of deficit and, you know, again, it hasn’t been allowed. Now, in Tampa there are several psychologists and psychiatrists that speak Spanish, you know.
The doctor gave no further testimony about the need for a Spanish-speaking psychologist to perform the recommended evaluation. But he affirmed he had formed this and other opinions about Claimant’s condition and treatment needs “within a reasonable degree of medical certainty.”
In the final order denying Claimant’s request, the JCC found “Dr. Alves’ insistence on a Spanish-speaking psychiatrist and neuropsychologist is based solely on the possibility that one ‘could get the wrong information’ [and] does not equate to medical necessity.”

Discussion

Claimant argues the JCC ignored Dr. Alves’ unrebutted medical opinion testimony about the medical need for a Spanish-speaking psychologist to perform the neu-ropsychological evaluation. However, the question here is not whether the testimony was unrebutted, but whether it was sufficiently persuasive to the finder of fact, in the first instance, to establish medical necessity.
As this court has specifically recognized, in the workers’ compensation realm, “the [JCC’s] determination of reasonable medical certainty depends on the substance of the evidence, rather than the use of the ‘reasonable medical certainty’ terminology, or any other so-called ‘magic *223 words/ by a medical witness.” Closet Maid v. Sykes, 763 So.2d 377, 383 (Fla. 1st DCA 2000) (emphasis added).
[T]he evidence should not be turned into a game of semantics. Instead, the resolution of such factual issues remains within the adjudicatory function of the judge based on the substance of the evidence presented, as measured against the specific statutory requirements regarding the evidentiary standard applicable to the determination.
Id. (emphasis added). Here, Dr. Alves used the “magic words,” but, based on the JCC’s permissible evaluation of this evidence, the substance of his testimony failed to establish reasonably medical certainty. To be sure, his testimony, as permissibly interpreted by the JCC, failed to substantiate the statement he made in Claimant’s patient record after the February 19, 2013, office visit, that a Spanish-speaking psychologist “is a must.” Rather, a fair reading of Dr. Alves’ testimony is that a Spanish-speaking psychologist would be merely preferable under the circumstances. Preferable, perhaps; but section 440.13(2)(a), Florida Statutes (2011), requires that recommended treatment be medically necessary if the employer is to pay for it. The JCC permissibly determined that Dr. Alves’ testimony failed to satisfy this statutory requirement as to the recommendation for a Spanish-speaking psychologist, and for that reason, the JCC did not err in rejecting the testimony.
In any event, unrebutted medical testimony can be rejected, so long as there is a reasonable evidentiary basis for doing so. As our supreme court explained in Wald v. Grainger, 64 So.3d 1201 (Fla.2011), a reasonable basis for the fact finder to reject medical opinion testimony “can include conflicting medical evidence, evidence that impeaches the expert’s testimony or calls it into question, such as the failure of the plaintiff to give the medical expert an accurate or complete medical history, [or] conflicting lay testimony or evidence that disputes the [ ] claim [.]” 64 So.3d at 1206 (emphasis added). Thus, the fact that medical opinion testimony is un-rebutted does not preclude the fact finder from rejecting it, so long as there is some reasonable basis in the record that casts doubt on the testimony. Wald preserves the well-settled and longstanding principle that it is in the fact finder’s province to weigh the evidence presented, resolve evi-dentiary inconsistencies, and judge the credibility of witnesses.
The JCC here took into account evidence of Claimant’s ability to communicate in English and communicate successfully with his physicians,* and his reason for not attending the appointment with Dr. For-man. As to the latter, Claimant testified (through an interpreter), “I didn’t want to do it through an interpreter because for me to see a psychologist or a psychiatrist is to talk about my intimate life, and I don’t want to talk about my intimate life to another person.” The JCC concluded:
Claimant’s explanation for his refusal to attend the appointment with Dr. For-man [is] inadequate and unpersuasive .... Claimant seems to have had no difficulty making himself understood by any of the other physicians who treated him. While there is no evidence that all *224 of Claimant’s authorized treating physicians speak Spanish, Claimant did testify that Dr. Alves speak[s] “a little” Spanish, which allowed them to communicate successfully. Simply put, the undersigned does not believe Claimant’s explanation for why he needs a Spanish-speaking psychiatrist and neurologist, but does not need a Spanish-speaking physician to treat his physical injuries .... While it may well be reasonable for Claimant to prefer a Spanish-speaking physician, a careful reading of Dr. Alves’ testimony on this issue fails to yield any evidence of medical necessity.
Unrebutted though Dr. Alves’ testimony may have been, Claimant’s statements cast doubt on the testimony in that they reveal a non-medical, patient-driven reason for the doctor’s recommendation. The JCC found and articulated a reasonable eviden-tiary basis — Claimant’s own testimony — on which to reject the doctor’s testimony as to the need for a Spanish-speaking psychologist. This was permissible under Wald.
Accordingly, the final order on appeal is AFFIRMED.
MAKAR, J., concurring with opinion.
THOMAS, J., dissenting with opinion.

 Claimant testified he has translators for his medical appointments, but that Dr. Alves speaks some Spanish. Notably, he also testified his wife, who helps him understand the documents he receives related to his case, speaks "little Spanish, whatever she has been able to learn with me.” We also observe that Dr. Alves' patient notes, excerpts of which are quoted above, contain conflicting statements regarding the extent of Claimant's ability to communicate in English.