IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

OSCEOLA COUNTY SCHOOL
BOARD AND FLORIDA
SCHOOL BOARD INSURANCE
TRUST CLAIMS
ADMINISTRATION,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

Appellants,

v.

CASE NO. 1D14-2092

IVONNE PABELLON-NIEVES,

Appellee.

_____/

Opinion filed December 3, 2014.

An appeal from an order of the Judge of Compensation Claims.
W. James Condry, II, Judge.

Date of Accident: June 4, 2010.

Pamela J. Cox and Jodi K. Mustoe of Cox & Rouse, P.A., Maitland, for Appellants.

Michael J. Winer of the Law Office of Michael J. Winer, P.A., Tampa; Kellye A. Shoemaker, Maitland, for Appellee.

PER CURIAM.

In this workers' compensation appeal, the Employer/Carrier argues that the Judge of Compensation Claims (JCC) erred in awarding continuing medical treatment for Claimant's work-related neck injury. Finding no error in the JCC's award of the continuing care, we affirm the order. We write, however, to clarify application of section 440.09(1)(b), Florida Statutes (2009).

Section 440.09(1)(b) provides:

> If an injury arising out of and in the course of employment combines with a preexisting disease or condition to cause or prolong disability or need for treatment, the employer must pay compensation or benefits required by this chapter only to the extent that the injury arising out of and in the course of employment is and remains more that 50 percent responsible for the injury as compared to all other causes combined and thereafter remains the major contributing cause of the disability or need for retreatment. Major contributing cause must be demonstrated by medical evidence only.

This court addressed application of this subsection in Bysczynski v. United Parcel Services, Inc., 53 So. 3d 328 (Fla. 1st DCA 2010). Based on a review of the trial transcript, the order on appeal, and the briefs submitted by the parties, it appears that the holding in Bysczynski is often misunderstood by both the bench and the bar.

Bysczynski ultimately turned on an issue of competent, substantial evidence rather than an issue of law. This court held that the JCC's ruling that the degenerative condition was the major contributing cause of the need for treatment was not supported by any medical evidence (and in fact the expert medical advisor

2

expressly testified that the preexisting degenerative disc disease was not a cause of Mr. Bysczynski's need for surgery). Id. at 330-31. Although this court observed in Bysczynski that the claimant's preexisting degenerative disc disease "merely bespeaks Claimant's age," such was not a holding that age-related illnesses or conditions can never be a contributing cause of a disability or need for treatment for the purposes of major contributing cause analysis. Id. at 331. Closer review of Bysczynski reveals that it does not matter whether a preexisting condition is "age-appropriate;" what matters is whether there is medical evidence that it is the major contributing cause of the need for the requested treatment. See § 440.09(1)(b), Fla. Stat. (2012) (providing that if compensable work injury combines with preexisting condition to cause or prolong need for treatment, employers need provide benefits only to extent work injury is and remains major contributing cause of need for benefits); Ch. 03-412, § 6, Laws of Fla. (amending section 440.09(1)(b) as of October 1, 2003, to require that major contributing cause be proven "by medical evidence only").

Here, the JCC found Claimant had a pre-existing condition—one based on degenerative changes to her cervical spine and not based on any prior accident. The JCC distinguished the facts of this case from the facts in Bysczynski. The JCC explained that in Bysczynski, the degenerative condition in Mr. Bysczynski's spine did not independently require any level of treatment either before or after the

3

worker's two compensable accidents. For that reason, the JCC correctly explained that in <u>Bysczynski</u> this condition was not properly considered a contributing cause for major contributing cause purposes.

On the other hand, the JCC found that there was evidence that Ms. Nieves' preexisting neck condition required some level of treatment prior to this workplace accident; consequently, a question arose as to "whether Ms. Nieves' degenerative neck condition merely bespoke of her age or whether it was a preexisting condition *requiring treatment* that may be considered a contributing legal cause of her injury and need for treatment and thus—a proper subject for the application of the major contributing cause standard." (Emphasis in original.)

The JCC then proceeded to engage in a major contributing cause analysis. In doing so, he appropriately considered the nature of the preexisting condition— including the level of treatment necessitated by the preexisting condition prior to the date of the accident—as compared to Claimant's current condition and need for treatment. Because competent, substantial evidence supports the JCC's finding that the major contributing cause of Claimant's need for ongoing treatment was her compensable injury, we affirm the order.

AFFIRMED.

THOMAS, ROBERTS, and ROWE, JJ., CONCUR.