PER CURIAM.
In this workers’ compensation case, the Employer/Carrier (E/C) appeals, and *1198 Claimant cross-appeals, an order of the Judge of Compensation Claims (JCC) ordering facet injections and denying claims for authorization of an orthopedic surgeon and a cervical diskectomy and fusion at C5-6. For the reasons that follow, we reverse the award of facet injections, and affirm the remainder of the order.
Claimant was injured on October 21, 2012, in a work-related motor vehicle accident; the E/C stipulated to compensa-bility. Authorized pain management specialist Dr. Slobasky recommended bilateral cervical facet medial branch blocks, and in deposition attributed seventy percent of Claimant’s need for those facet injections to a non-work-related degenerative condition of Claimant’s spine, which Claimant’s family doctor had found before the work accident and characterized as “usual findings in a patient of 44 years of age.” The JCC, in awarding the facet injections, accepted Dr. Slobask/s percentages, but discounted them on the reasoning that the degenerative condition was “normal, aging,” and cited in support Bysczynski v. United Parcel Services, Inc., 53 So.3d 328 (Fla. 1st DCA 2010). The JCC’s order evinces his misunderstanding of Bysczyn-ski
As we recently clarified in Osceola County School Board v. Pabellon-Nieves, 152 So.3d 733, 734 (Fla. 1st DCA 2014), “it does not matter whether a preexisting condition is ‘age-appropriate;’ what matters is whether there is medical evidence that it is the major contributing cause of the need for the requested treatment.” In By-sczynski; the preexisting degeneration “did not ... independently require any level of treatment either- before or after Claimant’s two compensable accidents.” 53 So.3d at 331. In contrast, in the instant case there is medical evidence that the preexisting degeneration is the major contributing cause of the current need for facet injections, and that evidence was accepted by the JCC; therefore, the JCC erred in awarding the facet injections. We affirm the other issue on appeal without further comment.
On the cross-appeal, we note that, given the JCC’s unchallenged finding that care provided by Dr. Roush is compensa-ble, the JCC erred in excluding, under section 440.13(5)(e), Florida Statutes, Dr. Roush’s medical opinion testimony that the diskectomy and fusion surgery is needed. See Romano v. Trinity Sch. for Children, 43 So.3d 928 (Fla. 1st DCA 2010); see also Miller Elec. Co. v. Oursler, 113 So.3d 1004 (Fla. 1st DCA 2013); Parodi v. Fla. Contracting Co., Inc., 16 So.3d 958 (Fla. 1st DCA 2009).
This error is harmless, however, given the JCC’s alternative finding that he would reject Dr. Roush’s opinion in light of Dr. Slobasky’s opinion that the facet joints (and not the disks) are the primary pain generator in Claimant’s neck. Even though Dr. Roush’s opinion on this matter is unrefuted, the JCC was permitted to reject it because the JCC gave a reason, see Vadala v. Polk County School Board, 822 So.2d 582, 584 (Fla. 1st DCA 2002), and the reason he gave, which is supported by the record, “is a reasonable evidentiary basis for doing so,” see Trejo-Perez v. Arry’s Roofing, 141 So.3d 220, 223 (Fla. 1st DCA 2014) (citing Wald v. Grainger, 64 So.3d 1201 (Fla.2011)).
AFFIRMED in part, REVERSED in part, and REMANDED for entry of an order denying the claim for facet injections.
THOMAS, WETHERELL, and ROWE, JJ., concur.